John WAGNER, Plaintiff and Respondent,

v.

**NORTH DAKOTA BOARD OF BARBER EXAMINERS, Defendant and Appellant.**

Civ. 8675.

Supreme Court of North Dakota.

March 11, 1971.

Rehearing Denied May 18, 1971.

Johnson, Milloy, Eckert & Bailey, Wahpeton, for defendant and appellant.

Rausch & Chapman, Bismarck, for plaintiff and respondent.

TEIGEN, Judge.

The North Dakota Board of Barber Examiners (hereinafter referred to as the "barber board"), by order entered after a hearing, suspended John Wagner's certificate of registration to practice barbering for a period of thirty days. Wagner appealed from the order to the district court. The district court reversed. Judgment of reversal was entered and an appeal was taken to this court.

We are met on the threshold with a jurisdictional question. The hearing before the barber board was held at Fargo, in Cass County. Wagner appealed to the district court of Burleigh County. The barber board appeared specially and moved for a dismissal of the appeal and to strike the case from the record of the court. The motion was grounded on the claim that the district court of Burleigh County was without jurisdiction of the subject matter. The motion was denied and the district court of Burleigh County proceeded to review the proceedings. On this appeal the barber board has specified that it was error for the district court of Burleigh County to have denied its motion.

The barber board is an instrumentality of the State and has state-wide jurisdiction. Section 43–04–12, N.D.C.C. Its duties are to administer the laws of this State regarding barbers, barber shops and barber schools. Chapter 43–04, N.D.C.C. Its orders are made subject to review in the courts. Section 43–04–48, N.D.C.C.

An administrative agency is defined in the Administrative Agencies Practice Act as any "board, commission, bureau, department, or tribunal other than a court, having state-wide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law and which by statute is subject to review in the courts of this state." Section 28–32–01, N.D.C.C. Therefore, we find that the barber board is an administrative agency.

█ Section 28–32–15, N.D.C.C., is a part of the Administrative Agencies Practice Act. It provides that, except in cases where the decision of the administrative agency is declared final by statute, any party to any proceeding heard by the administrative agency may appeal from such decision and that:

"Such appeal may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held."

█ Section 43–04–48, N.D.C.C., provides that any applicant or licensee deeming himself aggrieved by any action of the barber board may file a petition in the district court, which shall have jurisdiction to affirm, reverse, vacate, or modify the order complained of. This section does not designate a particular district court. The attorneys for Wagner argue that because Section 43–04–48, N.D.C.C., does not designate a specific district court, an appeal may be taken under the Administrative Agencies Practice Act to any district court within the State, and that the provision contained in Section 28–32–15, N.D.C.C., requiring that an appeal be taken to the district court of the county wherein the hearing or a part thereof was held, is not applicable. They also argue that this requirement is not jurisdictional but has reference only to venue.

██ Section 28–32–15, N.D.C.C., provides for a tribunal for the review of decisions of administrative agencies in cases where the decision of the administrative agency is not declared final by any other statute, and specifically confers jurisdiction upon the district court of the county wherein the hearing or a part thereof was held unless another district court is designated by law. Section 43–04–48, N.D.C.C., makes no such designation. Therefore, the requirement of Section 28–32–15, N.D.C.C., is applicable. The plain words of this statute localize and specify the particular district court to which such appeal may be taken. We find that the only district court which has jurisdiction of the subject matter of this appeal is the district court of Cass County, which is the county wherein the hearing was held.

Section 103 of the North Dakota Constitution provides:

"The district courts shall have original jurisdiction, except as otherwise provided in this constitution, of all causes both at law and equity, and such appellate jurisdiction as may be conferred by law."

█ On an appeal from a determination of an administrative agency the district court does not exercise original jurisdiction vested in it by the constitution. It exercises appellate jurisdiction conferred upon it by statute. Langer v. State, 75 N.D. 435, 28 N.W.2d 523 (1947); Petition of Village Board of Wheatland, 77 N.D. 194, 42 N.W.2d 321 (1950). In order for the district court to acquire jurisdiction of an appeal from an administrative agency, the appeal must be taken to "the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held." (Section 28–32–15, N.D.C.C.) It is this territorial jurisdiction which gives the court the power to act on the subject matter of the action.

In Johnson v. Johnson, 86 N.W.2d 647 (N.D.1957), this court said that Section

28-04-01, N.D.C.C., which provides that actions for certain enumerated causes affecting real estate must be brought in the county in which the subject matter of the action, or some part thereof, is situated, pertains to jurisdiction rather than venue and held that the district court of Pierce County had no jurisdiction of an action affecting real estate situated in Bottineau County as the action was brought in a county other than that prescribed by the statute.

The foregoing statutes governing administrative agencies provide a tribunal for the review of the decisions of an administrative agency and the jurisdiction conferred is exclusive. For this reason, the general provisions of the statutes and rules relating to venue and jurisdiction have no application. A review of a decision of an administrative agency may be had only upon compliance with the conditions imposed by the Legislature. 2 Am. Jur.2d, Administrative Law, Sec. 716. We find that under similar statutes the same results have been attained in other jurisdictions. Appeal of Heeren Trucking Co., 75 S.D. 329, 64 N.W.2d 292; Minnesota Valley Canning Co. v. Rehnblom, 242 Iowa 1112, 49 N.W.2d 553; Peplinski v. Michigan Employment Security Commission, 359 Mich. 665, 103 N.W.2d 454. See also, 73 C.J.S. Public Administrative Bodies and Procedure § 174; 2 Am.Jur.2d, Administrative Law, Secs. 731 and 732.

We hold that the district court of Burleigh County was without jurisdiction to hear this appeal. Therefore, the order appealed from is void for the want of jurisdiction and must be reversed.

ERICKSTAD, PAULSON and KNUDSON, JJ., and GEFREH, D. J., concur.

STRUTZ, J., deeming himself disqualified, did not participate; Adam Gefreh, District Judge of the Third Judicial District, sitting in his stead.