PROSPER ENERGY CORPORATION,
et al., Appellant,

v.

The INDUSTRIAL COMMISSION OF
NORTH DAKOTA, Appellee.

BISON OPERATING COMPANY and
Mobil Oil Corporation, Appellants,

v.

The INDUSTRIAL COMMISSION OF
NORTH DAKOTA, Appellee.

BISON OPERATING
COMPANY, Appellant,

v.

The INDUSTRIAL COMMISSION OF
NORTH DAKOTA, Appellee.

BISON OPERATING COMPANY and
Mobil Oil Corporation, Appellants,

v.

The INDUSTRIAL COMMISSION OF
NORTH DAKOTA, Appellee.

MONSANTO OIL COMPANY and
Mobil Oil Corporation,
Appellants,

v.

The INDUSTRIAL COMMISSION OF
NORTH DAKOTA, Appellee.

Civ. Nos. 10666–10670.

Supreme Court of North Dakota.

Dec. 19, 1984.

Fleck, Mather, Strutz & Mayer, Bismarck, and Andrew McCulloch, Dallas, Tex., and Charles Nesbitt, Oklahoma City, Okl., for appellants; argued by John W. Morrison, Jr., Bismarck; appearance by Russell R. Mather, Bismarck.

Owen L. Anderson, Sp. Asst. Atty. Gen., University of North Dakota, Grand Forks, for Industrial Com'n of North Dakota; argued by Owen L. Anderson, Grand Forks.

Zuger & Bucklin, Bismarck, for Mineral Owners; appearance by Thomas O. Smith, Bismarck.

Gail Wurtzler and Clyde Martz, Denver, Colo., for Federal Land Bank.

C.B. Thames, Jr., Bismarck, and Michel W. Stefonowicz, Crosby, for Burke County Mineral Owners Ass'n; argued by Michel W. Stefonowicz, Crosby.

Douglas Johnson, Asst. Atty. Gen., Land Dept., Bismarck, for the Board of University and School Lands.

PEDERSON, Justice.

Prosper Energy Corporation,[1] Bison Operating Company, and Monsanto Oil Company (working interest owners, managers, or operators of oil and gas properties unitized pursuant to §§ 38–08–09.1 through 38–08–09.16, NDCC, hereafter collectively referred to as the Operators) have appealed

---

1. After oral argument, the appeal of Prosper Energy Corporation with respect to the North Tioga Madison Unit was voluntarily dismissed pursuant to stipulation.

from a district court judgment dismissing, for lack of subject-matter jurisdiction, five appeals from orders of the Industrial Commission of North Dakota (the Commission). We affirm.

The properties involved were unitized in the late 1960's for purposes of management, operation, and further development of the oil and gas therein. In 1982, certain royalty owners applied to the Commission for termination of the units, which are located in Burke, Divide, and Williams counties. At hearings held before an examiner in Minot, the Operators moved to dismiss for lack of jurisdiction.

The Commission found that it had "jurisdiction of this cause and the subject matter thereof" and ordered: (1) that previous Commission orders pertaining to the creation and operation of the units were rescinded; and (2) that spacing orders issued by the Commission prior to creation of the units were "renewed."

After the Commission denied their requests for rehearings, the Operators appealed to the district court in Burleigh County. The court dismissed the appeals for lack of subject-matter jurisdiction. The only issue in this appeal is whether or not the district court in Burleigh County had subject-matter jurisdiction to hear the appeals from the Commission's orders. We hold that it did not.

Section 28–32–15, NDCC, provides that an appeal from an administrative agency decision "may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held." Section 38–08–14, NDCC, plainly provides for an appeal from a Commission order "to the district court of Burleigh County." Section 38–08–09.16 plainly provides for an appeal from a Commission order "made under sections 38–08–09.1 through 38–08–9.16 ... to the district court of the county in which the land or a part thereof involved in the unit lies."

Because § 38–08–09.16, NDCC, is a special provision relating to appeals from Commission orders relating to unitized manage-

ment, operation, and further development of oil and gas properties that is in irreconcilable conflict with § 38–08–14, NDCC, a general provision authorizing appeals from Commission orders, § 38–08–09.16 must prevail. Section 1–02–07, NDCC. None of the land involved in the units is located in Burleigh County. The district court in Burleigh County therefore lacked jurisdiction to hear the appeals.

We do not agree with the Operator's contention that the orders appealed from were not "made under" §§ 38–08–09.1 through 38–08–09.16, NDCC. The salient feature of the orders appealed from is the rescission of previous Commission orders pertaining to the creation and operation of the units. An order terminating a unit is as much "made under" §§ 38–08–09.1 through 38–08–09.16, NDCC, as an order creating a unit. The fact that the orders appealed from also renew prior spacing orders is insufficient to vest jurisdiction in the district court in Burleigh County pursuant to § 38–08–14, NDCC.

We are likewise not persuaded by the Operator's contention that dismissal of their appeals was improper because § 38–08–14(2), NDCC, is a "substantive provision" that requires only timely filing of a notice of appeal with the Commission in order to perfect an appeal, while filing of a copy of the notice of appeal with the district court is a "procedural" step required by § 38–08–14(1), NDCC. Regardless of whether they be characterized as "substantive" or "procedural", both requirements must be met and the required copy of the notice of appeal must be filed with a district court having jurisdiction of the appeal.

The Operators also rely on the court unification which has taken place as a result of the 1976 adoption of our present judicial article in the North Dakota Constitution. Sections 1 and 8 of Article VI, N.D. Const., now refer to the district court in the singular, unlike their predecessors, which referred to district courts in the plural. The Operators assert that:

"With the creation of a single statewide district court having general original and appellate jurisdiction as provided by law or rule of Supreme Court, the concept of a separate district court in a particular county obtaining exclusive jurisdiction over the subject matter of an action, as opposed to jurisdiction over the person or venue, was eliminated."

While it may be true that we now have but one district court with statewide original jurisdiction, appellate jurisdiction of the district court is limited to such "as may be provided by law or by rule of the supreme court." Art. VI, § 8, N.D. Const. Because this Court has not provided by rule for appellate jurisdiction of the district court, the district court has only "such appellate jurisdiction as may be provided by law."

In providing appellate jurisdiction over appeals from orders of administrative agencies, the Legislature has provided that such appeals must be taken only to the district court in designated counties. As this Court said in *Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570, 572 (N.D.1971):

"On an appeal from a determination of an administrative agency the district court does not exercise original jurisdiction vested in it by the constitution. It exercises appellate jurisdiction conferred upon it by statute. (Citations omitted.) In order for the district court to acquire jurisdiction of an appeal from an administrative agency, the appeal must be taken to 'the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held.' (Section 28–32–15, N.D.C.C.) *It is this territorial jurisdiction which gives the court the power to act on the subject matter of the action.*" (Emphasis added).

*See also, Happy Day Day Care Center v. Social Service Board*, 313 N.W.2d 768 (N.D.1981), and *City of Casselton v. North Dakota Public Service Commission*, 307 N.W.2d 849 (N.D.1981). The "district court designated by law" with regard to the instant appeals is "the district court of the county in which the land or a part thereof involved in the unit lies." Section 38–08–09.16, N.D.C.C. Without this territorial jurisdiction, the district court in Burleigh County lacks subject-matter jurisdiction to entertain these appeals.

For the reasons stated, the judgment of dismissal with regard to each appeal is affirmed.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.