LaVerne BOYKO, Claimant and Appellant,

v.

NORTH DAKOTA WORKMEN'S COMPENSATION BUREAU, Respondent and Appellee.

No. 870047CV.

Supreme Court of North Dakota.

July 28, 1987.

Steven L. Latham, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, P.C., for claimant and appellant.

Clare R. Hochhalter, Asst. Atty. Gen., Bismarck, for respondent and appellee.

VANDE WALLE, Justice.

LaVerne Boyko appealed from the judgment of the district court of Burleigh County which dismissed his appeal from the order of the North Dakota Workmen's Compensation Bureau denying further benefits. We affirm.

On September 15, 1981, Boyko injured his lower back while working as a truck driver in the oil fields of western North Dakota. He filed a claim with the Bureau listing a point southeast of Trotter,[1] North Dakota, as the location where the injury occurred. At that time Boyko was a resident of Dickinson. The Bureau awarded Boyko benefits due to the injury. On May 23, 1983, the Bureau issued an order denying further benefits, stating that Boyko had failed to prove his continuing problems were a direct result of the September 15, 1981, injury. Boyko requested a rehearing, which was granted, and the matter was ultimately disposed of by the order which is the subject of this appeal.

Boyko filed a claim with the Bureau on December 30, 1983, stating that he had reinjured his back on September 12, 1983. He stated that the injury occurred east of Devils Lake. At the time of this claim, Boyko was residing in Minot.

Subsequently, Boyko moved to California. Because of this move, his testimony was taken via telephone at the Bureau's office in Bismarck.[2] Later, the Bureau issued an order denying further benefits for the 1981 injury and dismissing Boyko's claim for benefits for the 1983 injury. Boyko appealed the Bureau's order to the district court of Burleigh County. The Bureau filed a motion to dismiss the appeal because it was not taken in the proper court. The district court granted the Bureau's motion and dismissed Boyko's appeal because the court lacked jurisdiction.

On appeal to this court, Boyko claims that the district court erred when it dismissed his appeal. Boyko points to the

---

1. Boyko listed, as the exact location of the accident, 2 S[outh] 5 East of Trotter, and referred to the Challenger Oil Rig. For the purposes of this appeal we believe Boyko was referring to Trotters, North Dakota, which is located on the border between Golden Valley and McKenzie counties.

2. Bismarck is located in Burleigh County.

fact that there is no evidence in the record and there are no factual findings by the Bureau to indicate where his initial injury or subsequent aggravation of that injury occurred.

■ The location where the injury occurred is important because it may determine where any subsequent appeal of the Bureau's order must be taken. Section 65–10–01, N.D.C.C., provides that if the Bureau "denies the right of the claimant to participate at all in the fund ... the claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides."

Boyko asserts that he appealed to the district court of Burleigh County pursuant to Section 28–32–15, N.D.C.C. That section provides for appeals from final decisions of administrative agencies, and states that such appeals "may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held."

Boyko asserts that Section 65–10–01 does not apply because he no longer lives in North Dakota and because the location of his injury is unknown. Thus he claims that the "catch-all" provision of Section 28–32–15, referring to situations where no district court is designated by law, applies.

Section 28–32–15 provides generally for jurisdiction for appeals from decisions of administrative agencies in the district court of the county in which a hearing was held. That section specifically states that the appeal is to be taken to the district court designated by law. Only if none is designated does this section's jurisdictional provision become operational. Because Section 65–10–01 specifically provides for jurisdiction for appeals from final action of the Bureau, either in the county of residence of the claimant or the county wherein the

injury was inflicted, Section 28–32–15 is inapposite in the instance in which the injury occurs in North Dakota.

■ The essence of Boyko's argument appears to be, however, that the Bureau has a duty to make a factual finding regarding where a claimant's injury occurred. The two sections which we have cited [28–32–15 and 65–10–01] do not specifically place a burden on either the Bureau or the claimant to show where the injury occurred. However, pursuant to Section 65–01–11, any claimant against the Workmen's Compensation Fund has the burden of proving the existence of an injury, for which he is entitled to participate in the Fund, by a preponderance of the evidence. See, e.g., *Roberts v. North Dakota Workmen's Comp. Bureau,* 326 N.W.2d 702 (N.D.1982). A claimant must show a compensable injury to be entitled to benefits from the Bureau. A compensable injury is "an injury by accident arising out of and in the course of employment ..." Section 65–01–02(7), N.D.C.C. Thus Boyko has the burden of showing that his injury arose out of and in the course of employment. The phrase "in the course of" employment refers to the time, *place,* and circumstances of the accident resulting in the injury for which Boyko requests compensation. *Moug v. Workmen's Compensation Bureau,* 70 N.D. 656, 297 N.W. 129 (1941). Therefore, a claimant under our workmen's compensation statute, when appealing to a district court, has the burden to show that the court has jurisdiction. He can do this by proof of his residence or by proof of where the injury occurred. In this case, Boyko claims that he is not sure where he injured his back. If this means that Boyko does not know the county in which the injury occurred, Boyko is in the best position to discover that information.[3]

■ Nor is this a matter which can be entertained by a district court under its general jurisdiction. Under Article VI,

---

3. At oral argument, counsel for Boyko stated that he had difficulty communicating with his client. This was apparently because Boyko was in California and hadn't established a permanent residence, and because Boyko did not have a telephone. Whatever difficulties Boyko's counsel encountered due to Boyko's transiency are unfortunate. However, as the claimant Boyko had the burden of proving he was entitled to benefits. By not proving jurisdiction, he necessarily suffers the consequences of his failure to remember where he was injured.

Section 8, of the North Dakota Constitution, the district court has original jurisdiction of all causes, "except as otherwise provided by law," and such "appellate jurisdiction as may be provided by law or by rule of the supreme court." It is apparent that appeals from the Bureau are statutory in nature and are not matters of original jurisdiction for the district courts but rather involve exercise of the appellate jurisdiction of the district courts conferred by statute. *Wagner v. North Dakota Board of Barber Exam.,* 186 N.W.2d 570 (N.D.1971) [statutes governing providing a tribunal for review of decisions of administrative agencies confer exclusive jurisdiction]; *Petition of Village Board of Wheatland,* 77 N.D. 194, 42 N.W.2d 321 (1950) [on appeal from administrative agency, a party invokes the appellate and not the original jurisdiction of the district court]. The statutory requirements for filing a notice of appeal from an administrative agency are thus jurisdictional and do not refer to venue. *Prosper Energy Corp. v. Indus. Com'n of N.D.,* 359 N.W.2d 860 (N.D.1984); *Happy Day Day Care Ctr. v. Social Service Bd.,* 313 N.W.2d 768 (N.D.1981); *City of Casselton v. N.D. Public Serv. Com'n,* 307 N.W.2d 849 (N.D.1981); *Wagner, supra.* Unless the district court to which the appeal is taken is specified by statute, the court lacks subject-matter jurisdiction to entertain the appeal. *Prosper Energy Corp., supra.*

Although it may be unclear where Boyko's injuries occurred,[4] it is beyond dispute that they did not occur within Burleigh County. It is equally beyond dispute that Boyko does not reside in Burleigh County. Thus, pursuant to Section 65–10–01, the district court of Burleigh County does not have jurisdiction over Boyko's appeal.[5] Therefore, we affirm the judgment of the district court dismissing Boyko's appeal.

ERICKSTAD, C.J., and LEVINE and GIERKE, JJ., concur.

MESCHKE, Justice, concurring.

It is acknowledged that "it may be unclear where Boyko's injuries occurred." It escapes me why the employee or his counsel is in a better position to clarify the uncertain locations of injuries than the Bureau, which has ample investigatory powers, NDCC § 65–02–11, as well as rulemaking powers, § 65–02–08. The Bureau is charged with providing "sure and certain" relief. NDCC § 65–01–01. Ordinarily, it could be accomplished by a simple report from the employer about the place of employment, by county, at the time of the claimed injury.

This result is reminiscent of the restrictive and inflexible common law rules before development of equity jurisprudence. *See* 27 Am.Jur.2d, *Equity,* § 2. It suggests a need for a more thoughtful judicial approach.

I wonder if there is truly a lack of jurisdiction in the usual sense of absence of authority. It seems to me that it is more a failure of will, or absence of appropriate action by the authorized body, the judicial system. It is, after all, a simple determination of which district judge will consider the matter, an assignment this court often makes otherwise. In part, NDCC § 27–02–05.1 says:

---

4. Boyko filed two claim forms for separate incidents in which he asserts he was injured or aggravated an injury. On the first claim form, Boyko listed Trotter. As we indicated, Trotters is located on the border of Golden Valley and McKenzie counties. Although it may be difficult to show in which county the injury occurred, it realistically had to be one of them.

   On the second claim form, Boyko listed the location of his injury as east of Devils Lake. Thus the injury could have occurred in Ramsey County.

   Therefore, Boyko had already asserted, through his claim forms, where the injuries occurred. It is inconsistent for him to now claim he doesn't know where he was allegedly injured.

5. Although the district court of Burleigh County does not have jurisdiction, pursuant to Section 65–05–04, N.D.C.C., the Bureau has continuing jurisdiction. Thus it could have reconsidered, and apparently still could reconsider, Boyko's claim. If, upon reconsideration, Boyko is not satisfied, he could then appeal to the proper district court.

"The supreme court shall provide to the extent it deems necessary or desirable, rules for:

"....

"4. The transfer of any matter to any proper court when the jurisdiction of any court has been improvidently invoked."

Nothing in the legislative history of this statute suggests that it does not apply to appeals from administrative agencies.

Moreover, the fact that this is one of few subjects on which this court has not issued a rule should not foreclose exercise of the power in individual cases. *See Lang v. Glaser*, 359 N.W.2d 884 (N.D.1985). Indeed, a grant of legislative power is hardly necessary under our unified court system. North Dakota Constitution, Article VI, Section 3, says:

"The supreme court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state; ..."

But, since we were not supplied with this argument on this appeal, I understand the reluctance of this court to turn to such an alternative. Recognizing the force of tradition behind today's decision, I reluctantly concur. The occasion is sure to come to re-examine this holding, as the sad parade of similar past decisions bears out.