TRANSYSTEMS SERVICES, Respondent
and Appellant,

v.

NORTH DAKOTA WORKERS
COMPENSATION BUREAU,
Appellee,

and

Wesley Schmoll, Claimant and Appellee.

Civil No. 950387.

Supreme Court of North Dakota.

June 27, 1996.

Pamela Hermes, Vogel, Kelly, Knutson, Weir, Bye & Hunke, Ltd., Fargo, for Respondent and Appellant.

Douglas Gigler, Spec. Asst. A.G., Nilles, Hansen & Davies, Ltd., Fargo, for Appellee.

Steven C. Schneider, Schneider, Schneider & Schneider, Fargo, for Claimant and Appellee.

MARING, Justice.

Transystems Services (Transystems) appeals from a district court judgment affirming a North Dakota Workers Compensation Bureau (Bureau) order awarding benefits to Wesley Schmoll. We dismiss the appeal.

Following a hearing in Cass County, the Bureau issued an order on April 3, 1995, that awarded Schmoll benefits for work-related back, hip, and neck injuries suffered while Transystems employed him.[1] Transystems appealed the Bureau's order to the District Court of Cass County. The district court issued an order affirming the Bureau's order on October 20, 1995. The district court entered judgment and Transystems appealed.

On appeal, Transystems argues that the evidence does not support the Bureau's findings of fact, the Bureau's findings of fact do not support its conclusions of law, and the Bureau's decision is contrary to law. The Bureau and Schmoll dispute Transystems' arguments and Schmoll moves to dismiss Transystems' appeal, arguing that the district court did not have subject matter jurisdiction to hear Transystems' appeal of the Bureau's order.

■ Article VI, section 8, of the North Dakota Constitution grants district courts "original jurisdiction of all causes, except as otherwise provided by law, and such appellate jurisdiction as may be provided by law or by rule of the supreme court." Appeals from Bureau decisions "are statutory in nature and are not matters of original jurisdic-tion for the district courts but rather involve exercise of appellate jurisdiction of the district courts conferred by statute." *Boyko v. N.D. Workmen's Comp. Bureau,* 409 N.W.2d 638, 641 (N.D.1987); *see Wagner v. N.D. Board of Barber Exam.,* 186 N.W.2d 570, 572 (N.D.1971).

■ Under the Administrative Agencies Practice Act, parties to proceedings heard by administrative agencies may appeal from agency orders. N.D.C.C. § 28–32–15(1). "The appeal of an order may be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held." N.D.C.C. § 28–32–15(3)(a). In the workers compensation context, the district court "designated by law" for appeals is "the district court of the county where the injury occurred or of the county where the claimant resides." *Basin Elec. Power v. N.D. Workers Comp.,* 541 N.W.2d 685, 689 (N.D.1996). If a party takes an appeal from a Bureau decision to a district court other than one "designated by law," that court will be without "subject-matter jurisdiction to entertain the appeal." *Boyko,* 409 N.W.2d at 641; *see Wagner,* 186 N.W.2d at 573 ("A review of a decision of an administrative agency may be had only upon compliance with the conditions imposed by the Legislature.").

■ The record shows that, while employed by Transystems, Schmoll was injured in a truck accident in Grand Forks County. The record also shows that, at the time Transystems appealed from the Bureau's order awarding benefits, Schmoll lived in Twin Valley, Minnesota. Transystems, however, appealed the Bureau's order to the District Court of Cass County. Schmoll was not injured in Cass County, and he did not reside in Cass County. The District Court of Cass County, therefore, did not have jurisdiction over Transystems' appeal of the Bureau order awarding Schmoll benefits. *See Basin Elec.,* 541 N.W.2d at 689. The district

---

1. The Bureau's April 3, 1995, order also suspended Schmoll's benefits because of his failure to participate in a retraining program. Schmoll did not appeal the Bureau's suspension of his benefits.

court's judgment is void for want of jurisdiction and not appealable.

■■■■ If the district court's judgment had been valid, Transystems would not prevail. On the merits, Transystems' argument, essentially, is that the Bureau's decision to award benefits to Schmoll should be reversed because the facts do not support it. On an appeal of a Bureau decision, we review the decision of the Bureau, not the district court. *S & S Landscaping v. N.D. Workers' Comp. Bureau*, 541 N.W.2d 80, 82 (N.D.1995). We must affirm a Bureau decision unless we conclude that a preponderance of the evidence does not support the findings of fact, that the findings of fact do not support the conclusions of law, or that the decision is not in accordance with the law. *Schiff v. N.D. Workers Comp. Bureau*, 480 N.W.2d 732, 734 (N.D.1992); *see* N.D.C.C. § 28–32–19. "In determining if the findings are supported by a preponderance of the evidence, we do not make independent findings of our own but determine whether or not the record reflects that a reasoning mind could have determined that the factual conclusions were proven by the weight of the evidence." *Schmidt v. N.D. Workers' Comp. Bureau*, 483 N.W.2d 186, 189–90 (N.D.1992).

At the hearing, Schmoll testified that his back, neck and hip problems began after he was injured in a serious truck accident while working for Transystems. Schmoll pointed to medical evidence in the record showing the extent of his medical problems and the treatment he had undergone since the truck accident. Tammy Schmoll, Schmoll's spouse, testified that Schmoll's back problems began after the accident. Transystems presented testimony challenging Schmoll's credibility and his claim that his current medical problems came about because of the truck accident.

In its order awarding benefits, the Bureau made a legal conclusion that "[c]laimant proved his ongoing medical problems are attributable to his January 1, 1993, injury." This conclusion was supported, in part, by the hearing officer's finding that:

"VIII.

Although there is some indication that claimant may have reaggravated his original injury in minor ways doing such things as snowmobiling, the evidence does not indicate any significant reinjuries. Rather, the evidence indicates that there is a causal relationship between claimant's current back problems and his original injury. There have been no documented instances of any other injuries to account for this condition. Further, claimant's symptoms have not completely abated during this time period and the history is consistent with a causal relationship between the present problems and the initial injury."

A review of the record indicates that a reasoning mind could have reasonably determined that the weight of the evidence supported the Bureau's conclusions that Schmoll's continuing medical problems were caused by the truck accident he was involved in while working for Transystems and that he was entitled to workers compensation benefits.

Because the district court judgment was void due to want of jurisdiction and, therefore, not appealable, we dismiss Transystems' appeal.

VANDE WALLE, C.J., and NEUMANN, J., concur.

SANDSTROM, Justice, specially concurring.

I agree the appeal is properly dismissed. I would not reach the issue of what we would have done if the appeal were not dismissed.

MESCHKE, Justice, dissenting.

I adhere to my recent dissent in *Basin Electric Power Coop. v. North Dakota Workers Compensation Bureau*, 541 N.W.2d 685, 690 (N.D.1996). *See also Boyko v. North Dakota Workmen's Compensation Bureau*, 409 N.W.2d 638, 641–42 (N.D.1987) (Meschke, J., concurring) (noting that NDCC 27–02–05.1(5) authorizes the supreme court to make rules for the "transfer of any matter to any proper court when the *jurisdiction* of any court has been improvidently invoked." (emphasis added)). Because I believe the trial

court had subject-matter jurisdiction to enter this judgment, I would not dismiss Transystems' appeal. I respectfully dissent.

The general appeal statute in the Administrative Agencies Practice Act allows the "appeal of an order [to] be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held." NDCC 28–32–15(3)(a). The specific appeal statute in the Workers Compensation Act provides:

[T]he claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. An employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section. An appeal involving injuries allegedly covered by insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh County. Any appeal under this section shall be taken in the manner provided in chapter 28–32....

NDCC 65–10–01. For an appeal by an employer, then, the specific statute only states that an "employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section." *Id.* As I explained in my *Basin* dissent, NDCC 65–10–01 thus permits ("[a]n employer may"), but does not *compel*, the employer to file an appeal in the same places that the claimant "may" file an appeal.

I continue to disagree, as I did in *Basin*, "with the majority's narrow interpretation of the ambiguous term, 'in the manner,' to selectively choose the places allowed for an appeal by a claimant as the *only* places of appeal for an employer, as well." 541 N.W.2d at 691 (emphasis in original). Simply put, with one exception not applicable here, NDCC 65–10–01 does not "designate" a *mandatory* venue for *either* party for purposes of NDCC 28–32–15(3)(a). Absent such a designation, the district court of the county where the hearing was held has subject-matter jurisdiction under NDCC 28–32–15(3)(a) to hear an employer's appeal.

We should harmonize NDCC 28–32–15 and NDCC 65–10–01 to "facilitate review of agency decisions, not to avoid or impede their review." *Basin*, 541 N.W.2d at 692 (Meschke, J., dissenting). Accordingly, I would interpret NDCC 65–10–01 to expand, rather than to restrict, an appellant's venue choices. I respectfully dissent from the dismissal of this case.