# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 117

Scot Decker,                                                                 Appellant

v.

Workforce Safety and Insurance,                                        Appellee

## No. 20200289

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jeffrey S. Weikum(argued), Scott A. Hager (on brief), and Rodney E. Pagel (on brief), Bismarck, ND, for appellant.

Mitchell D. Armstrong, Special Assistant Attorney General, Bismarck, ND, for appellee.

**McEvers, Justice.**

[¶1]   Scot Decker appeals from a judgment entered after the district court granted Workforce Safety and Insurance's motion to dismiss Decker's appeal from the decision of an administrative law judge ("ALJ"). Decker argues the district court erred in concluding it does not have jurisdiction and dismissing his appeal. We affirm.

I

[¶2]   In June 2008, Decker sustained work related injuries while he was working for Cyclone Drilling, Inc. in Mountrail County. WSI accepted liability and Decker received more than $1,250,000 in benefits from WSI. Decker currently resides in Nevada.

[¶3]   In June 2014, Decker signed a third party notice of legal representation advising WSI that he retained an attorney and planned to bring an action against a third party for the work related injuries. The notice stated Decker would act as a trustee for WSI's subrogated interest. The notice also included a lien notice, advising that WSI has a lien in the full amount it paid in all benefits for Decker's claim and that WSI may sue if Decker receives any money related to the claim from a third party and WSI does not receive payment of its lien within 30 days of the third party's payment to Decker.

[¶4]   Decker brought an action against I.E. Miller Services, Inc., received a favorable verdict, and was awarded $2,045,972.60 in damages. Judgment was entered. In May 2018, Decker filed a satisfaction of judgment stating the judgment was fully paid with interest.

[¶5]   In 2019, Decker filed an action against a different third party, alleging medical malpractice for treatment Decker received for his work related injuries. That action was still pending when the ALJ issued her decision in this case.

[¶6] WSI contacted Decker's attorney multiple times requesting information about when its lien would be satisfied. WSI informed Decker's attorney that it was to receive its interest within 30 days of receipt of recovery from the third-party action.

[¶7] In December 2018, WSI issued a subrogation order. WSI found it had paid Decker $1,257,178.71 in benefits for his work related injury and Decker failed to pay WSI's subrogation interest and lien within 30 days. WSI explained that its subrogation interest is for the full amount of the damages recovered up to the maximum amount it has paid or would pay in the future if a claimant fails to pay WSI's subrogation interest and lien within 30 days of receipt of recovery in a third party action and that no costs or attorney's fees will be paid from WSI's subrogation interest. WSI ordered its subrogation interest in the judgment is $2,073,972.60, Decker and his attorney are liable to WSI for the lien amount and must pay $1,257,178.71, and no attorney's fees or costs would be paid from WSI's subrogation interest. WSI also ordered future benefits awarded on the claim would be suspended until the benefits equal or exceed the balance of WSI's subrogation interest.

[¶8] Decker requested a hearing before an ALJ. Decker alleged WSI incorrectly applied the law, it inappropriately included in the subrogation order benefits paid related to medical negligence which is the subject of a separate third-party action, and it did not properly determine the amount of its lien. Decker also argued WSI does not have a right to recovery of its lien before attorney's fees and litigation expenses are paid.

[¶9] After a hearing, the ALJ found WSI paid $1,257,178.71 in total compensation to Decker since his 2008 work related injury. The ALJ concluded WSI's subrogation rights are statutory under N.D.C.C. § 65-01-09, its subrogation interest is limited to fifty percent of the damages recovered if the injured employee pays WSI's subrogation interest and lien within 30 days of receipt of recovery in a third-party action, but WSI's subrogation interest is the full amount of the damages recovered up to the total amount WSI has paid or would pay in future compensation and benefits if the injured employee fails to pay WSI's interest and lien within 30 days. The ALJ found Decker failed to pay

WSI's subrogation interest and lien within 30 days of receipt of his recovery in the third-party action, and therefore WSI's interest is the full amount of the damages recovered up to the total amount of compensation paid or will be paid in the future. The ALJ ordered WSI's subrogation interest in the third party recovery is $2,045,972.60 and no attorney's fees or costs would be paid from WSI's subrogation interest, WSI's lien amount is the full amount of the damages recovered up to $1,257,178.71, Decker and his attorney are liable for the lien amount, and future benefits on the claim are suspended until they equal or exceed $788,793.89.

[¶10] Decker requested reconsideration. The ALJ denied Decker's request.

[¶11] Decker appealed to the district court in Burleigh County. WSI moved to dismiss Decker's appeal, arguing the district court lacked subject matter jurisdiction because the appeal was not filed in the proper county under N.D.C.C. § 65-10-01.

[¶12] The district court granted WSI's motion and dismissed Decker's appeal. The court concluded the requirements for an appeal under N.D.C.C. § 65-10-01 apply, Decker was required to file the appeal in the county in which the injury occurred or the county in which he resides, Decker did not meet the statutory requirements, and therefore the court did not have subject matter jurisdiction.

II

[¶13] Decker argues the district court erred in concluding it does not have jurisdiction and dismissing his appeal. Decker contends he did not appeal under N.D.C.C. § 65-10-01, none of the provisions of that statute apply in this case, and his appeal was proper under N.D.C.C. § 28-32-42. He claims a plain reading of N.D.C.C. § 65-10-01 indicates the statute only applies in cases where the claimant's right to compensation for the injury is at issue, his right to compensation was not at issue, and the statute does not govern an appeal involving WSI's subrogation rights for employees that have fully participated in the fund and then successfully recover damages from a third party.

3

[¶14] The issue of subject matter jurisdiction is a question of law when jurisdictional facts are not in dispute. *Ellis v. N.D. Workforce Safety & Ins.*, 2020 ND 14, ¶ 7, 937 N.W.2d 513. Whether the district court had jurisdiction is reviewed de novo on appeal. *Id.*

[¶15] Appeals from WSI's decisions "are statutory in nature and are not matters of original jurisdiction for the district courts but rather involve exercise of appellate jurisdiction of the district courts conferred by statute." *Transystems Servs. v. N.D. Workers Comp. Bureau*, 550 N.W.2d 66, 67 (N.D. 1996). The statutory requirements for filing a notice of appeal from a WSI decision are jurisdictional, and the appellant must satisfy the statutory requirements for the district court to acquire subject matter jurisdiction. *Boyko v. N.D. Workmen's Comp. Bureau*, 409 N.W.2d 638, 641 (N.D. 1987). If a party appeals to a district court other than the one specified by statute the court will be without subject matter jurisdiction. *Id.*

[¶16] Section 65-10-01, N.D.C.C., authorizes appeals from certain WSI decisions, stating:

> If the final action of the organization denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claim, or *if the organization allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant*, if such allowance is less than the maximum allowance provided by this title, the claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. . . . Any appeal under this section shall be taken in the manner provided in chapter 28-32. Any appeal to the district court shall be heard on the record, transmitted from the organization, and, in the discretion of the court, additional evidence may be presented pertaining to the questions of law involved in the appeal.

(Emphasis added.)

4

[¶17] Under the plain language of N.D.C.C. § 65-10-01, the statute applies and governs the appeal when a claimant appeals from a decision in which WSI allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant and the allowance is less than the maximum allowance provided by Title 65. Decker claims he was fully compensated for his injuries and he participated fully in the fund, and therefore this provision does not apply.

[¶18] Decker's argument requires us to consider the issues he raised on appeal about the ALJ's decision and determine whether the ALJ's subrogation decision resulted in Decker participating in the fund to a lesser degree than he claims he should be allowed to participate. Decker contends his appeal of the ALJ's decision is about whether WSI complied with N.D.C.C. § 65-01-09, whether WSI's subrogation interest is less than was ordered, whether the ALJ erred in deciding that WSI has the right to not reduce its subrogation interest by its proportionate share of the costs and attorney's fees for the action against the third party, and other issues.

[¶19] Under N.D.C.C. § 65-01-09, WSI has a subrogation interest and a lien on the damages an injured employee recovers in an action against a third party related to the work injury. The statute provides WSI is subrogated to the rights of the injured employee to the extent of fifty percent of the damages recovered up to a maximum of the total amount WSI has paid or would otherwise pay in the future in compensation and benefits. N.D.C.C. § 65-01-09(1). WSI has a lien to the extent of fifty percent of the damages recovered up to a maximum total amount WSI paid in compensation and benefits. *Id.* The statute further states WSI shall pay a portion of the costs of the action brought by the injured employee, exclusive of attorney's fees, and shall also pay from the general fund a percentage of the subrogation interest recovered for the organization as attorney's fees. N.D.C.C. § 65-01-09(3). However, N.D.C.C. § 65-01-09(4), provides:

> If an injured employee fails to pay the organization's subrogation interest and lien within thirty days of receipt of a recovery in a third-party action, the organization's subrogation interest is the full amount of the damages recovered, up to a maximum of the

total amount it has paid or would otherwise pay in the future in compensation and benefits to the injured employee . . . , no costs or attorney's fees will be paid from the organization's subrogation interest and the organization's lien is the full amount of the damages recovered up to a maximum of the total amount it has paid.

[¶20] Decker received over $1,250,000 in benefits from WSI, and he received a judgment against a third party for over $2,000,000 for claims related to the work injury. In May 2018, Decker filed a satisfaction of judgment stating the amount of the judgment with interest and costs had been paid. WSI had a statutory lien on Decker's third party recovery but Decker did not pay any of the sums secured by the lien as required under N.D.C.C. § 65-01-09(3). As a result, the ALJ ordered WSI's subrogation interest in the third-party recovery is $2,045,972.60; WSI's lien amount is the full amount of damages recovered up to $1,257,178.71, which was the full amount of benefits Decker had received at that point; any future benefits for the claim shall be suspended until the benefits equal or exceed $788,793.89; and no attorney's fees or costs will be paid from WSI's subrogation interest. This portion of the ALJ's order reflects an order which "allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant." *See* N.D.C.C. § 65-10-01.

[¶21] When there is a compensable injury, a lien is created upon payment of benefits in favor of WSI which attaches to any claims for proceeds from a legally liable third person. N.D.C.C. § 65-01-09(5). A claimant's maximum participation allowed under Title 65, reduces WSI's subrogation interest and lien on damages recovered from an action against a third party to a limited portion of the damages and at least a portion of the costs and attorney's fees for the action are paid from the general fund under certain conditions. *See* N.D.C.C. § 65-01-09(3), (4). The ALJ ordered WSI's subrogation interest is the full amount of the damages Decker recovered, the lien amount is the full amount of the damages recovered up to the full amount of the benefits already paid, and suspended future benefits until they exceed the amount of the subrogation interest remaining after the lien is fulfilled. The ALJ also ordered no attorney's fees or costs would be paid from WSI's subrogation interest. WSI's subrogation interest and lien amount could have been reduced by a lesser

6

percentage and a greater percentage of attorney's fees could have been paid from WSI's subrogation interest. The ALJ's decision lessens or reduces Decker's participation in the fund. The result of WSI's decision allows Decker to participate in the fund to a lesser degree than he claims and the allowed participation is less than the maximum allowed by Title 65. Therefore, N.D.C.C. § 65-10-01 applies to this appeal.

[¶22] Decker contends this Court in *Westman v. North Dakota Workers Compensation Bureau*, 459 N.W.2d 540 (N.D. 1990), recognized the right to appeal exists under both N.D.C.C. § 65-10-01 and Chapter 28-32. He claims he properly appealed this matter under N.D.C.C. § 28-32-42, which allows an appeal to the district court of the county in which the hearing was held.

[¶23] In *Westman*, 459 N.W.2d at 541, the employer moved to dismiss the appeal, arguing the decision appealed was not one of the decisions specified in N.D.C.C. § 65-10-01 and the appeal must be dismissed. We said the issue was "whether [N.D.C.C.] § 65-10-01 is the exclusive source of a claimant's right to appeal or whether that section must be read in conjunction with [N.D.C.C.] § 28-32-15." *Id.* We held the two sections must be read together and explained, "Section 65-10-01, [N.D.C.C.], grants a claimant a right to appeal under the specific circumstances it addresses. It does not, either explicitly or implicitly, limit the broader appeal rights contained within [N.D.C.C.] § 28-32-15." *Id.* We rejected the argument that the decisions listed in N.D.C.C. § 65-10-01 are the only WSI decisions that are appealable. *Id.* at 542. We held N.D.C.C. § 28-32-15 authorizes an appeal from a WSI decision which grants benefits if that decision substantially affects the rights of the claimant. *Id.* at 542-43. We denied the motion to dismiss the appeal. *Id.* at 543.

[¶24] Unlike the appeal in *Westman*, N.D.C.C. § 65-10-01 specifically authorizes an appeal from the decision in this case and therefore applies to this appeal. Section 65-10-01, N.D.C.C., states the claimant may appeal "to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides." Section 28-32-42, N.D.C.C., provides rules for appeals from a determination of an agency and states, "The appeal of an order may be taken to the district court designated by law, and if none is designated,

7

then to the district court of the county in which the hearing or a part thereof was held." Under N.D.C.C. § 28-32-42, an appeal may be taken in the county in which the hearing was held only if no district court is designated by law. Section 65-10-01, N.D.C.C., designates which district court the appeal may be brought in. To the extent N.D.C.C. § 28-32-42 applies to this appeal, when N.D.C.C. §§ 28-32-42 and 65-10-01 are construed together, Decker was required to bring the appeal in the county where the injury was inflicted or the county in which he resides. *See also* N.D.C.C. § 65-01-16 (stating the procedures contained in N.D.C.C. § 65-01-16 must be followed in claims for benefits, including that a party may appeal to a district court in accordance with chapter 65-10, notwithstanding any provision to the contrary in chapter 28-32).

[¶25] Decker brought the appeal in Burleigh County District Court, and it is undisputed that Decker does not reside in Burleigh County and that his injuries did not occur in Burleigh County. Because N.D.C.C. § 65-10-01 applies and required Decker to bring the appeal in the county where he resides or the county where the injury was inflicted, the Burleigh County district court did not have jurisdiction over the appeal. *See Boyko*, 409 N.W.2d at 641 (stating the district court is without subject matter jurisdiction when a party appeals to a district court other than the one specified by statute). We conclude the district court did not have subject matter jurisdiction and did not err in granting WSI's motion to dismiss.

## III

[¶26] We affirm the district court's judgment dismissing Decker's appeal.

[¶27] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte

8