# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 159

Robert Procive,
Appellant

v.

North Dakota Workforce Safety and Insurance Fund,
Appellee

## No. 20220067

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Cherie L. Clark, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Stephen D. Little, Bismarck, ND, for appellant.

Mitchell D. Armstrong (argued) and Jon C. Lengowski (on brief), Special Assistant Attorneys General, Bismarck, ND, for appellee.

**VandeWalle, Justice.**

[¶1]   Robert Procive appealed from a district court judgment dismissing his appeal from an Administrative Law Judge's ("ALJ") order affirming a Workforce Safety and Insurance ("WSI") decision denying his claim for benefits and the ALJ's order denying his request for reconsideration. Procive argues the district court erred by dismissing his appeal. We affirm, concluding the district court did not have jurisdiction.

I

[¶2]   In April 2020, Procive submitted a first report of injury to WSI, claiming he suffered from carpal tunnel syndrome ("CTS"). He alleged the injuries were repetitive work injuries to both wrists, elbows, and shoulders resulting from repetitive digging, hammering, and driving stakes, steel posts, and iron rods into frozen ground, pavement, packed gravel, and regular ground. He referenced three prior worker's compensation claims. He alleged the date of injury was March 8, 2000, the accident happened in Belfield, and he notified his employer on March 10, 2000.

[¶3]   In May 2020, Procive submitted another first report of injury and then a revised first report of injury, claiming he suffered from CTS, pain, numbness, and loss of strength in his wrists, hands, elbows, shoulders, and back. He alleged the date of injury was "2000 & prior," and the injury happened when hammering stakes and iron rods into the ground and pavement. He claimed that the injury occurred in western North Dakota and that he notified his employer of the injury in November 2004 and October 2016.

[¶4]   In October 2020, WSI accepted liability for Procive's right CTS. WSI denied liability for Procive's left CTS claim, determining the claim was not timely filed or, alternatively, Procive failed to establish his left CTS was a compensable injury. Procive requested an administrative hearing on WSI's decision denying liability for his left CTS.

[¶5] In March 2021, WSI issued an order reversing its acceptance of liability for Procive's right CTS and denying the claim, determining Procive willfully made false statements about whether he had prior injuries or treatment. WSI ordered Procive to repay past benefits he received. WSI later amended the order to modify the amount it ordered Procive to repay. Procive requested an administrative hearing, arguing he is entitled to benefits for his bilateral CTS and he did not willfully and intentionally make false statements about his CTS.

[¶6] After a hearing, the ALJ affirmed WSI's decisions denying coverage for Procive's right and left CTS and ordering repayment of benefits. Procive petitioned for reconsideration, and the ALJ denied his petition.

[¶7] Procive appealed to the district court in Stutsman County. WSI moved to dismiss the appeal, arguing the district court lacked subject matter jurisdiction because Procive was required to file his appeal in the county where the injury occurred or the county where he resides. Procive opposed WSI's motion, arguing his injury was a progressive injury occurring over the course of his career and he worked throughout the state during his career, including Stutsman County. He also filed an affidavit stating he performed work during his career in numerous counties in North Dakota, including Stutsman County. The district court granted WSI's motion and dismissed the appeal, concluding it did not have jurisdiction.

II

[¶8] Procive argues the district court erred by dismissing his appeal. He contends the court had jurisdiction because N.D.C.C. § 65-10-01 requires an appeal to be filed in the county where the injury was inflicted, CTS is a progressive injury caused by everyday work activities, and he has worked in at least 37 different counties in the state, including Stutsman County.

[¶9] An appeal from an administrative agency to the district court is governed by statute. *Ouradnik v. Henke*, 2020 ND 39, ¶ 14, 938 N.W.2d 392. The appellant must meet the statutory requirements for perfecting an appeal for the district court to obtain subject matter jurisdiction over the appeal. *Id.*

2

Whether the district court had subject matter jurisdiction is a question of law when jurisdictional facts are not in dispute. *Decker v. Workforce Safety and Ins.*, 2021 ND 117, ¶ 14, 962 N.W.2d 388. However, when jurisdictional facts are disputed, the district court's decision involves findings of fact and conclusions of law, which is a mixed question of law and fact. *Lavallie v. Jay*, 2020 ND 147, ¶ 5, 945 N.W.2d 288. When there is a mixed question of law and fact, we review the questions of law de novo on appeal and the findings of fact under the clearly erroneous standard of review. *Id.* A finding is clearly erroneous when there is no evidence to support it, it is induced by an erroneous view of the law, or if, upon review of the entire record, this Court believes a mistake has been made. *Gustafson v. Poitra*, 2018 ND 202, ¶ 6, 916 N.W.2d 804.

[¶10] Section 65-10-01, N.D.C.C., authorizes appeals from certain WSI decisions and designates the district court in which the appeal may be brought, stating the claimant "may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides." The claimant has the burden to show the district court has jurisdiction when appealing, and the claimant can do that by proof of the location of his residence or by proof of where the injury occurred. *Boyko v. N.D. Workmen's Comp. Bureau*, 409 N.W.2d 638, 640 (N.D. 1987).

[¶11] Procive had the burden to show he either resides or the injury was inflicted in Stutsman County for the district court to have subject matter jurisdiction. It is undisputed that Procive does not reside in Stutsman County. However, the issue of whether the injury was inflicted in Stutsman County is disputed, and therefore the issue is a mixed question of law and fact.

[¶12] The district court found Procive resides in Stark County, Procive indicated in the first reports of injury that he lives in Belfield and the injury occurred in "western ND," the evidence presented at the administrative hearing did not indicate the injury occurred in Stutsman County, and all the claim file information and other evidence referred to work performed and medical treatment received somewhere other than Stutsman County. The court also found Procive's affidavit indicated he performed work in Stutsman County

during his career, but he did not explain how much work or what type of work or how often he performed work in Stutsman County, he did not identify any evidence in the record indicating any work performed in Stutsman County resulted in the injury, and his affidavit does not establish the injury was inflicted in Stutsman County. The court said Procive asserted through his claim forms where the injury occurred, and it was inconsistent for him to now claim the injury occurred in Stutsman County.

[¶13] The evidence supports the district court's findings. None of Procive's first reports of injury for any of the claims he submitted related to this case or prior claims list Stutsman County as the location where the injury occurred. Procive alleged in the first reports of injury for the current claims that the injuries occurred in Belfield and western North Dakota. It is inconsistent to now claim the injury was inflicted in Stutsman County. *See Boyko*, 409 N.W.2d at 641 n.4 (stating it was inconsistent for the claimant to claim he did not know where he was injured when he asserted in his first claim form that the injury occurred in Trotters and in his second claim form that the injury occurred near Devils Lake).

[¶14] Although Procive alleged in response to WSI's motion to dismiss that he worked in numerous counties, including Stutsman County, and he filed an affidavit in support; he failed to present sufficient evidence to establish the injury was inflicted in Stutsman County. Procive claimed in his affidavit that he performed work in various counties during his career as a professional land surveyor, including Stutsman County, and that his work consisted of keyboard use and using heavy hammers and bars to pound markers into frozen ground, gravel, and pavement. Procive stated that he listed his Belfield address as the location of the injury in his April 18, 2020 first report of injury because his office was located there and he was unsure where or when the progressive injury took place. He also asserted that he filed another first report of injury for the progressive injury on May 7, 2020, stating the injury occurred in North Dakota.

[¶15] However, these claims were not sufficient to establish his injury was inflicted in Stutsman County. Procive did not claim the injury occurred in

4

Stutsman County until after WSI moved to dismiss his appeal. Even then, he claimed he performed work at some point during his career in Stutsman County among numerous other places. He provided very little information about his work in Stutsman County other than his general assertion that he performed work there during his career. The evidence supports the district court's finding that Procive failed to establish the injury was inflicted in Stutsman County.

[¶16] Procive had the burden to show the district court had jurisdiction, and he failed to present evidence showing the injury was inflicted in Stutsman County. The appeal was not filed in the county in which Procive resides or in which the injury was inflicted. We therefore conclude the district court did not have jurisdiction and did not err in dismissing the appeal.

[¶17] We recognize that Procive alleges his claim was for a progressive injury and that it may be difficult to identify the county in which a progressive injury was inflicted. N.D.C.C. § 65-10-01. It is for the legislature to modify statutes to resolve the problems that arise when specific injuries do not fit within the current statutory requirements. *See, e.g.*, N.D.C.C. § 65-01-02(11)(a)(3) (stating the term compensable injury includes injuries due to a heart attack when caused by the employee's employment and unusual stress); *see also Grace v. N.D. Workmen's Comp. Bureau*, 395 N.W.2d 576, 579-80 (N.D. 1986) (explaining the legislature modified the statute to clarify when heart attacks are a compensable injury); *Satrom v. N.D. Workmen's Comp. Bureau*, 328 N.W.2d 824, 828 (N.D. 1982) (explaining the legislature modified the statute and specifically limited its amendment to cases of heart attack and stroke). However, if there is a problem identifying the county where the injury was inflicted, an appeal may be brought in the county in which the claimant resides. In this case, Procive could have filed his appeal in the district court in the county in which he resides.

III

[¶18] Because the district court did not err in dismissing Procive's appeal, we will not consider the remaining issues he raised on appeal. We affirm the judgment.

5

[¶19] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte

I concur in the result.
Daniel J. Crothers