CITY OF CASSELTON, the Casselton Ambulance Service, Inc., Casselton Fire Department, Casselton Planning and Zoning Commission, Casselton Community Club, Casselton Police Department, Central Cass Public School District No. 17, and Kenneth Habiger, Appellants,

v.

NORTH DAKOTA PUBLIC SERVICE COMMISSION and Burlington Northern Inc., Appellees.

In the Matter of the North Dakota Public Service Commission's Investigation, Upon its Own Motion, of the Safety Conditions of Railroad Grade Crossings Located in the Community of Casselton, North Dakota, Case No. 10,094.

Civ. No. 9935.

Supreme Court of North Dakota.

June 30, 1981.

---

William M. Strehlow, and Tim G. Bryan, Casselton, for appellants.

Daniel S. Kuntz, Asst. Atty. Gen., Bismarck, for appellee North Dakota Public Service Commission.

Nilles, Hansen, Selbo, Magill & Davies, Fargo, for appellee Burlington Northern Inc.; argued by Stephen W. Plambeck, Fargo.

PAULSON, Justice.

The plaintiffs and appellants, the City of Casselton, the Casselton Ambulance Service, Inc., the Casselton Fire Department, the Casselton Planning and Zoning Commission, the Casselton Community Club, the Casselton Police Department, the Central Cass Public School District No. 17, and Kenneth Habiger, appeal from a judgment entered by the District Court of Burleigh County on December 10, 1980, which dismissed the appellants' appeal from an order issued by the North Dakota Public Service Commission which ordered the upgrading of certain railroad crossings in the City of Casselton, and closed one railroad crossing. We affirm.

The North Dakota Public Service Commission (PSC) conducts an ongoing investigation of railroad grade crossing safety in North Dakota, pursuant to § 24–09–01.1 of the North Dakota Century Code, because of increased unit coal traffic. Following an investigation of the crossings in Casselton, Burlington Northern Railroad expressed its approval of a proposal to upgrade three railroad grade crossings in Casselton and close the fourth. Upgrading a railroad grade crossing generally requires installation of traffic control devices such as installation of automatic flashing lights with gates and grade crossing predictors. The PSC requested either approval of the proposal by the City or a formal hearing on the proposal. The City requested that a hearing be held on the proposal.

The PSC scheduled a public hearing in Casselton on June 5, 1980. The proof of service of the notice of hearing indicated that notice by publication in newspapers in Cass County or in Casselton had not occurred prior to the hearing. Representatives of the City of Casselton, the Casselton Ambulance Service, the Casselton Fire Department, the Casselton Planning and Zoning Commission, and the Casselton Police Department appeared at the hearing. The PSC, by an order dated July 15, 1980, adopted the proposal to upgrade three railroad crossings and close the fourth. The PSC's order was not served on some of the persons who appeared at the hearing on their own behalf or on behalf of various city and community organizations. Only the mayor and the auditor of the City, and a representative of the Casselton Planning and Zoning Commission who made a request therefor, received a copy of the order.

On September 29, 1980, the appellants filed an appeal from the order with the District Court of Burleigh County. The PSC and Burlington Northern filed motions to dismiss the appeal and, on December 5, 1980, the district court granted the motion to dismiss on the basis that it lacked subject matter jurisdiction to hear the appeal. Judgment was entered by the district court on December 10, 1980, and the appellants filed a notice of appeal on February 11, 1980.

Three issues are presented for our consideration:

1. Whether or not the District Court of Burleigh County has subject matter jurisdiction over the appeal from the order of the PSC.
2. Whether or not the PSC held a "hearing" as required by § 28–32–15, N.D.C.C.
3. Whether or not the PSC gave the public a fair and adequate hearing in compliance with the constitutional requirement of due process.

I

The first issue concerns whether or not the District Court of Burleigh County has subject matter jurisdiction over the appeal from the order issued by the PSC on July 15, 1980. Article VI, § 8 of the North Dakota Constitution provides, in part, that: "The district court shall have . . . such appellate jurisdiction as may be provided by law or by rule of the supreme court." Section 28–32–15, N.D.C.C., provides, in pertinent part:

"*28–32–15.  Appeal from determination of agency—Time to appeal—How appeal taken.*—Any party to any proceeding heard by an administrative agency, except in cases where the decision of the administrative agency is declared final by any other statute, may appeal from such decision within thirty days after notice thereof has been given, or if a rehearing has been requested as provided herein and denied, within thirty days after notice of such denial has been mailed to him. Such appeal may be taken to the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held. Only final orders or decisions and orders or decisions substantially affecting the rights of parties are appealable. . . . Such appeal shall be taken by serving a notice of appeal and specifications of error specifying the grounds on which the appeal is taken, upon the administrative agency concerned, upon the attorney general or an assistant attorney general, and upon all the parties to the proceeding before such administrative agency, and by filing the notice of appeal and specifications of

error together with proof of service thereof, and the undertaking herein required, with the clerk of the district court to which such appeal is taken. . . ."

By virtue of § 49–05–12, N.D.C.C., § 28–32–15, N.D.C.C., is applicable to PSC proceedings. This court established in *Wagner v. North Dakota Board of Barber Examiners*, 186 N.W.2d 570 (N.D.1971), that on an appeal from a determination by an administrative agency, the district court exercises appellate jurisdiction conferred upon it by statute. This jurisdiction is exclusive. In order for the district court to acquire jurisdiction over an appeal from an administrative agency, the appeal must be taken to "the district court designated by law, and if none is designated, then to the district court of the county wherein the hearing or a part thereof was held [§ 28–32–15, N.D.C.C.]". Because no district court is designated by law to hear appeals from orders issued by the PSC, the appeal must be taken to the district court of the county where the hearing was held, which is the District Court of Cass County, rather than the District Court of Burleigh County.

The appellants argue that a hearing was not held because proper notice was not provided in the instant case. Apparently, the argument is based upon the assumption that if the proceeding was not a hearing, the appeal from the PSC's order could be taken to any district court in the State. This argument ignores the provisions of § 49–05–12, N.D.C.C., which accords the statutory basis for an appeal from the PSC's orders. Section 49–05–12, N.D.C.C., provides:

"*49–05–12.  Appeal from decision of commission.*—Any party to any proceeding heard by the commission feeling aggrieved by the decision or by the entry of any final order of the commission therein may appeal therefrom to the district court in the manner prescribed in chapter 28–32."

If, as the appellants contend, no hearing was provided by the PSC because the defective notice affected the validity of the hearing and the resultant order, their proper

course of action would be to collaterally attack the order. *Minnkota Power Cooperative, Inc. v. Lake Shure Properties*, 289 N.W.2d 230 (N.D.1980). Because the appellants have denominated their action as an appeal from the PSC's order, principles applicable to appeals from orders issued by the PSC are applicable here and the district court properly concluded that it did not have subject matter jurisdiction to hear the appeal.

Burlington Northern also asserts that the appeal was untimely because the appellants did not serve and file their notice of appeal and specifications of error "within thirty days" after notice of the PSC's decision as required by § 28–32–15, N.D.C.C. The provisions of Rules 5 and 6 of the North Dakota Rules of Civil Procedure apply to proceedings under § 28–32–15, N.D.C.C. *Reliance Ins. Co. v. Public Service Commission*, 250 N.W.2d 918 (N.D.1977). In *Reliance, Ins., supra*, 250 N.W.2d at 921, the court stated:

> "Rule 5(d), N.D.R.Civ.P., as to filing, provides that whenever the papers are required to be filed it means filed with the clerk of court, unless otherwise provided by statute or by order of the court at or prior to the time of filing of the notice. This rule also provides that if the party fails to comply with the filing requirement the court may order the service to be of no effect."

Unlike service of notice by mail which is complete upon mailing under Rule 5(b), N.D.R.Civ.P., filing is complete only when the notice is filed with the clerk of court which of necessity requires that the office of the clerk of court must have received the notice. In the instant case, the PSC last served a copy of its order upon the appellants' counsel on August 27, 1980. By adding three days to the thirty-day period for commencing appeal because the PSC's order was served by mail, the thirty-three-day period expired on September 29, 1980, the very day when the appellants mailed their notice of appeal and specifications of error. In addition, the clerk of court's office did not receive and file the notice of appeal until October 6, 1980, because of insufficient postage.

While service in the instant case may be proper, the filing of the notice of appeal and specifications of error was not proper and this circumstance would ordinarily result in a dismissal of the appeal. Because of our conclusion that the district court did not have subject matter jurisdiction, we find it unnecessary to rule upon Burlington Northern's contention that the appeal was untimely and upon the remaining issues which the appellants seek to present. We take judicial notice of the fact that the PSC approved a formal motion on June 1, 1981, which provided a rehearing on the matter of grade crossing safety in Casselton and that the hearing will be held on July 9, 1981.

For reasons stated in this opinion, the judgment is affirmed.

ERICKSTAD, C. J., PEDERSON and SAND, JJ., and LeCLERC, District Judge, concur.

LeCLERC, District Judge, sitting in place of VANDE WALLE, J., disqualified.