541 N.W.2d 685 (1996)
BASIN ELECTRIC POWER COOPERATIVE, Respondent and Appellee,
v.
The NORTH DAKOTA WORKERS COMPENSATION BUREAU, Appellee.
Mary Jo Lemer, Claimant and Appellant.
Civ. No. 950218.
Supreme Court of North Dakota.
January 3, 1996.
*686 Scott K. Porsborg (argued), and Daniel L. Hovland (appearance), of Smith Bakke Hovland & Oppegard, Bismarck, for respondent and appellee.
Kathryn L. Dietz, of Dietz & Little, Bismarck, for claimant and appellant.
VANDE WALLE, Chief Justice.
Mary Jo Lemer appealed from a district court judgment reversing a Workers Compensation Bureau order awarding her benefits. Because the district court did not acquire subject matter jurisdiction over Basin Electric Power Cooperative's [Basin] appeal of the Bureau's order, we reverse the judgment.
Following a hearing in Burleigh County, the Bureau issued an order on November 10, 1994, awarding Lemer benefits for a work-related knee injury suffered while employed at Basin. Basin appealed the Bureau's order to the district court for Burleigh County and served the notice of appeal and specification of error on December 7, 1994. The Bureau and Lemer jointly moved to dismiss the appeal, asserting Basin had taken the appeal in the wrong county under N.D.C.C. §§ 28-32-15 and 65-10-01. Because Lemer was injured in and resided in Mercer County, the Bureau and Lemer argued Mercer County was the proper county for Basin to file the appeal. Basin opposed the motion to dismiss and moved to change venue under N.D.C.C. *687 § 28-04-07, to amend service to reflect Mercer County as the county of venue under N.D.R.Civ.P. 4(g), and to enlarge time for service and filing of a notice of appeal in a new county under N.D.R.Civ.P. 6(b).
The court denied the motion to dismiss and granted Basin's motions, allowing Basin "to file the notice of appeal within fifteen (15) days of the execution of the Order in this case." When the order was issued, the 30-day deadline for filing an appeal had long expired. The court then determined that some of the Bureau's findings were not supported by a preponderance of the evidence and that some of its conclusions of law were not supported by the findings of fact. The court reversed the Bureau's decision, and Lemer appealed.
Lemer asserts the district court erred in denying her motion to dismiss Basin's appeal because the court lacked subject matter jurisdiction to hear it. We agree.
Under the Administrative Agencies Practice Act, "[a]ny party to any proceeding heard by an administrative agency, ... may appeal from the order within thirty days after notice of the order has been given...." N.D.C.C. § 28-32-15(1). "The appeal of an order may be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held." N.D.C.C. § 28-32-15(3)(a). The workers compensation act provides in pertinent part:
"Appeal from decision of bureau. If the final action of the bureau denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claim, or if the bureau allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant, if such allowance is less than the maximum allowance provided by this title, the claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. An employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section. An appeal involving injuries allegedly covered by insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh County. Any appeal under this section shall be taken in the manner provided in chapter 28-32...."
N.D.C.C. § 65-10-01.
In Boyko v. N.D. Workmen's Comp. Bureau, 409 N.W.2d 638 (N.D.1987), this court affirmed the dismissal of an appeal filed in Burleigh County by a claimant who neither resided in nor received his injury in Burleigh County. In that case, we ruled the "catch-all" provision of N.D.C.C. § 28-32-15(3)(a), allowing an appeal to be taken to the district court of the county where the hearing was held if no district court is designated by law, did not apply because N.D.C.C. § 65-10-01 "specifically provides for jurisdiction for appeals from final action of the Bureau, either in the county of residence of the claimant or the county wherein the injury was inflicted." Boyko, 409 N.W.2d at 640.
We also held that the appeal could not be entertained by a district court under its general jurisdiction.
"Under Article VI, Section 8, of the North Dakota Constitution, the district court has original jurisdiction of all causes, `except as otherwise provided by law,' and such `appellate jurisdiction as may be provided by law or by rule of the supreme court.' It is apparent that appeals from the Bureau are statutory in nature and are not matters of original jurisdiction for the district courts but rather involve exercise of the appellate jurisdiction of the district courts conferred by statute. Wagner v. North Dakota Board of Barber Exam., 186 N.W.2d 570 (N.D.1971) [statutes governing providing a tribunal for review of decisions of administrative agencies confer exclusive jurisdiction]; Petition of Village Board of Wheatland, 77 N.D. 194, 42 N.W.2d 321 (1950) [on appeal from administrative agency, a party invokes the appellate and not the original jurisdiction of the district court]. The statutory requirements for filing a notice of appeal from an administrative *688 agency are thus jurisdictional and do not refer to venue. Prosper Energy Corp. v. Indus. Com'n of N.D., 359 N.W.2d 860 (N.D.1984); Happy Day Day Care Ctr. v. Social Service Bd., 313 N.W.2d 768 (N.D.1981); City of Casselton v. N.D. Public Serv. Com'n, 307 N.W.2d 849 (N.D.1981); Wagner, supra. Unless the district court to which the appeal is taken is specified by statute, the court lacks subject-matter jurisdiction to entertain the appeal. Prosper Energy Corp., supra."
Boyko, 409 N.W.2d at 640-641.
Basin argues that Boyko is no longer controlling because of this court's decision in Hayden v. Workers Compensation Bureau, 447 N.W.2d 489 (N.D.1989), and that, in any event, Boyko is distinguishable because the present case involves an appeal by an employer instead of a claimant. We reject both arguments.
In Hayden, a claimant originally appealed a Bureau order to the district court for Williams County instead of the district court for McKenzie County, where the injury occurred. In response to the Bureau's motion to dismiss the appeal, the claimant, like Basin in the present case, filed a motion to change venue under N.D.C.C. §§ 27-05-26 and 28-04-07, a motion to amend the service and pleadings under N.D.R.Civ.P. 4(g), and a motion to enlarge the time for serving and filing the notice of appeal under N.D.R.Civ.P. 6(b). The district court denied the Bureau's motion to dismiss the appeal, granted the claimant's motions, allowing the venue of the appeal to be change to McKenzie County, and affirmed the Bureau's order on the merits.
In the lead opinion, two justices of this court rejected the Bureau's argument that the district court did not obtain subject matter jurisdiction of the appeal because the appeal was not taken to the district court specified by statute. The two justices distinguished Boyko on the ground that "no motion for a transfer of jurisdiction" was made in that case, and concluded the trial court properly changed the venue of the appeal under N.D.C.C. § 28-04-07 because the "ends of justice" would be promoted. Hayden, 447 N.W.2d at 493, 494 (Erickstad, C.J., and Meschke, J., concurring). On the merits, the two justices affirmed the district court judgment upholding the Bureau's denial of benefits.
One justice dissented, reasoning that because the case did not involve the original jurisdiction of the district court, but involved appellate jurisdiction conferred by statute, N.D.C.C. § 28-04-07 was inapplicable and did not "confer[ ] jurisdiction on the district court for Williams County to transfer this appeal to the district court for McKenzie County, after the thirty-day time within which to appeal had expired." Hayden, 447 N.W.2d at 500 (Levine, J., dissenting). Construing the general venue statute as the two justices in the lead opinion had, according to the dissenting justice, "inject[s] into our law needless confusion and uncertainty." Hayden, 447 N.W.2d at 501 (Levine, J., dissenting).
The two remaining justices concurred specially in the lead opinion, but only in the portions discussing and affirming the case on the merits. On the jurisdictional issue, however, the concurring justices agreed with the dissent that the general venue statute, N.D.C.C. § 28-04-07, does not apply to appeals from Bureau decisions. Stating that the lead opinion had misinterpreted Boyko, the concurring justices expressed their "fear that in the future reliance upon the discretion of the trial court to forward the appeal to the proper county will produce varied results which may be uneven at best and will create uncertainty rather than preciseness in the appeal process." Hayden, 447 N.W.2d at 500 (VandeWalle, J., and Gierke, J., concurring specially). The concurring justices joined only in the result "because it leaves in effect the judgment of the district court and thereby the decision of the Bureau ... [which] is the same result that would have been achieved if the appeal to the district court had been dismissed for lack of jurisdiction." Hayden, 447 N.W.2d at 500 (VandeWalle, J., and Gierke, J., concurring specially).
A majority of the supreme court is necessary to pronounce a decision. N.D. Const. Art. VI § 4. The majority of the court in Hayden adhered to Boyko and squarely *689 held that the general change of venue statute, N.D.C.C. § 28-04-07, does not grant a district court authority to transfer an appeal from a Bureau decision to the proper district court. The Hayden decision is of no benefit to Basin in this case.
Nor are we persuaded that Boyko is distinguishable because the appealing party here is the employer rather than the claimant. Section 65-10-01, N.D.C.C., provides in relevant part that "the claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. An employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section. ... Any appeal under this section shall be taken in the manner provided in chapter 28-32." [Emphasis added]. Words in the code are generally construed according to their plain, ordinary, and commonly understood meaning. State ex rel. Sprynczynatyk v. Mills, 523 N.W.2d 537 (N.D.1994). "Manner" is commonly defined as "[a] way, mode, method of doing anything, or mode of proceeding in any case or situation." Black's Law Dictionary, at p. 963 (6th ed.1990). The phrases "in the manner" and "in the same manner" have been interpreted as incorporating the procedures required for effectuating an appeal or other statutorily described acts. See Szoboszlay v. Glessner, 233 Kan. 475, 664 P.2d 1327 (1983), and cases collected therein. Consequently, under N.D.C.C. § 65-10-01, an employer may appeal a Bureau decision the same way in which a claimant may appealto the district court of the county where the injury occurred or of the county where the claimant resides.
Even if we agreed with Basin that N.D.C.C. § 65-10-01 is ambiguous because it provides an employer "may" appeal a Bureau decision in the manner prescribed, therefore allowing a rational construction enabling the employer an additional option of appealing to the district court of the county where the hearing was held under N.D.C.C. § 28-32-15(3)(a), we would decline to adopt that construction of the statute.
Although the word "may" ordinarily creates a directory, non-mandatory duty, we will construe it as "must" where the context or subject matter compels that construction. North Dakota Com'n on Medical Competency v. Racek, 527 N.W.2d 262 (N.D.1995). Ambiguities in jurisdictional requirements of a statute should be construed in favor of the clear purpose of the law. Erickson v. Director, North Dakota Dept. of Transp., 507 N.W.2d 537 (N.D.1993). The purpose of the workers compensation law is to provide workers sure and certain relief regardless of questions of fault in exchange for their employers' immunity from injured employees' claims for relief. See Linnertz v. North Dakota Workers' Compensation Bureau, 502 N.W.2d 528 (N.D.1993); N.D.C.C. § 65-01-01. We therefore construe the law governing workers compensation liberally in favor of injured workers to promote their wellbeing. Tooley v. Alm, 515 N.W.2d 137 (N.D.1994).[1] Construing N.D.C.C. § 65-10-01 to make it easier for employers to appeal from a Bureau decision than it is for claimants would conflict with the workers compensation law's stated purpose and turn the rule of liberal construction in favor of injured workers on its head. Furthermore, insofar as it might create constitutional questions of equal protection, we will construe the statute to avoid any constitutional conflict. See Walker v. Schneider, 477 N.W.2d 167 (N.D.1991).
The district court also noted that "practical considerations" favored denial of Lemer's motion to dismiss. Because both Mercer and Burleigh counties are in the *690 South Central Judicial District, the court said "a change of venue is not necessary as the appeal was venued properly in the first place because the appeal was filed `... in the district court of the county in which the claimant resides' and it makes no difference what county name is on the heading." [Emphasis in original]. This concept appears to conflict with the current approach of the venue statutes. See N.D.C.C. Chapter 28-04. Furthermore, while the district court's observation may have some utility from a practical standpoint, the language of N.D.C.C. § 65-10-01 does not permit such a construction. If changes in the law are desired to advance the objective of permitting claims to be decided on their merits with the least procedural obstructions, those changes must be made by the legislature. See Cahoon v. N.D. Workers Comp. Bureau, 482 N.W.2d 865, 867 n. 2 (N.D.1992).
We also disagree with Basin's argument that the district court, in any event, properly enlarged the time to file the notice of appeal under N.D.R.Civ.P. 6(b). Rule 6(b) begins with the proviso that "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, ..." Courts construing the federal rule, upon which our rule is based, and similar state procedural rules, have held Rule 6(b) is limited to matters that arise under the rules of civil procedure or by order of the court, and not to periods of time which are definitely fixed by statute. See, e.g., United States v. Easement and Right-of-Way, 386 F.2d 769 (6th Cir.1967), cert. denied sub nom. Skaggs v. United States, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968); Mathieson v. Hubler, 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978); 4A Wright & Miller, Federal Practice and Procedure Civil 2d § 1165 (1987). Rule 6(b) did not authorize the district court to enlarge the 30-day time limit to take an appeal under N.D.C.C. § 28-32-15(1).
Because the district court had no subject matter jurisdiction in this case, we reverse the judgment.
SANDSTROM, LEVINE and NEUMANN, JJ., concur.
MESCHKE, Justice, dissenting.
Because I believe that the district court acquired subject matter jurisdiction when Basin filed the notice of appeal from the Bureau's order with the district court for Burleigh County, where the Bureau held the hearing, I respectfully dissent.
I recognize that the opinion of then Chief Justice Erickstad in Hayden v. North Dakota Workers Compensation Bureau, 447 N.W.2d 489 (N.D.1989), which I joined, is not a guiding precedent because it did not have a majority of the court. Our failure then, to rearrange the separate opinions to lead with an opinion that represented the majority, and to express the minority's position in a labeled dissent, has regrettably confused the bar and the bench.
I continue to believe, however, that the "jurisdictional" view of my colleagues on venue of agency appeals is too rigid. The Administrative Agencies Practice Act directs that an agency appeal must be treated like "other cases pending in the district court."
Appeals taken in accordance with this chapter must be docketed as other cases pending in the district court are docketed and must be heard and determined by the court without a jury at such time as the court shall determine.
NDCC 28-32-16. While the rules of civil procedure "do not supersede the provisions of statutes relating to appeals to or review by the district courts," they do "govern procedure and practice relating thereto insofar as the [ ] rules are not inconsistent with such statutes." NDRCivP 81(b). I thus believe that NDCC 28-32-16 should be implemented meaningfully, and that the statutes on changing the place of judicial consideration, the rules on amendment of service, and those on enlargement of time are consistent with the legislative direction to procedurally administer appeals from agencies "as other cases pending in the district court."
Here an employer, not an employee as in Boyko, appealed. This question about the proper place for appeal thus differs somewhat from Boyko.
*691 Two statutes affect agency appeals from the Workers Compensation Bureau, a general one in the Administrative Agencies Practice Act, and a separate one in the Workers Compensation Act. Yet these statutes are not mutually exclusive; they are interconnected and interrelated.
The general statute, NDCC 28-32-15(1), declares: "Any party to any proceeding heard by an administrative agency ... may appeal from the order within thirty days after notice of the order has been given...." When a party requests reconsideration, the time for appeal extends until "thirty days after notice of the final determination upon reconsideration has been given...." Id. This subsection designates the time for appeal for all agency appeals, including those from the Bureau.
The general statute also authorizes alternative places for an agency appeal:
The appeal of an order may be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held. If the administrative proceeding was disposed of informally, or for some other reason no hearing was held, an appeal may be taken to the district court of Burleigh County.
NDCC 28-32-15(3)(a). Subsections (4), (5), and (6) of NDCC 28-32-15 detail the requirements for service of all notices of appeal and specifications of error, rights to participate in the appeal, and when and how to file a bond for costs on appeal. The general statute thus largely applies to an appeal from the Bureau, even though a Workers Compensation Act section affects some aspects of an appeal from a Bureau decision. If no county is specifically designated, the general statute allows an agency appeal to the county where the hearing was held.
The relevant part of the separate section in the Workers Compensation Act says:
[T]he claimant may appeal to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. An employer may also appeal a decision of the bureau in any injury case in the manner prescribed in this section. An appeal involving injuries allegedly covered by insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh County. Any appeal under this section shall be taken in the manner provided in chapter 28-32.
NDCC 65-10-01. The only place specifically "designated" in this section for an employer's appeal is to "the district court of Burleigh County" when extraterritorial coverage exists, a subject not involved here.
Otherwise, for employers, if not for employees as well, the separate statute in the Workers Compensation Act twice refers to "in the manner" of an appeal, an external reference to "in the manner provided in chapter 28-32," and an internal one to "in the manner prescribed in this section." NDCC 65-10-01. To the extent "manner" includes "place," NDCC 65-10-01 permits an employer to use the same places as a claimant "may," but it does not "designate" ("shall be triable") those places as it clearly does for extraterritorial coverage claims. In my opinion, an employer "may," but is not compelled to, file an appeal at the same places as the claimant "may."
The external reference to "manner" in NDCC 65-10-01 says "[a]ny appeal under this section shall be taken in the manner provided in chapter 28-32." (emphasis mine). Again, to the extent "manner" includes "place," an employer should be permitted to use the generalized alternate in NDCC 28-32-15(3)(a), "the district court of the county in which the hearing or a part thereof was held," since no place is specifically "designated by law" for an employer.
In my opinion, there is no irreconcilable conflict between the general and special statutes, and "the two must be construed, if possible, so that effect may be given to both provisions,...." NDCC 1-02-07. Therefore, I disagree with the majority's narrow interpretation of the ambiguous term, "in the manner," to selectively choose the places allowed for an appeal by a claimant as the only places of appeal for an employer, as well. Conversely, if the "several [`in the manner'] clauses [in NDCC 65-10-01] are irreconcilable, the clause last in ... position[, `in the *692 manner provided in chapter 28-32,'] shall prevail." NDCC 1-02-08. In reality, there is no specific place "designated" for an employer in NDCC 65-10-01, and that section reasonably permits an appeal to the district court of the county where the hearing was held.
The legislative history for the 1979 amendment to NDCC 65-10-01 indicates that one of the catalytic purposes for the change, deleting "of a county agreed to by stipulation of the appellant and the bureau," and substituting "the county in which the claimant resides," was an intent to "provide a more equitable procedure for litigants." See 1979 ND Laws ch. 107, § 11; Letter from District Judge Gerald G. Glaser, to Hon. Patrick Conmy, sponsor of the measure (October 25, 1978) (on file with the Legislative Council). Nothing in the legislative history indicates a constrictive purpose that excludes the availability of the general alternate when no county is specifically "designated." It appears to me that NDCC 65-10-01 expands an appealing employer's venue choices, rather than restricts them.
The Bureau's regulations authorize hearings to be held "at the office of the bureau, at the county seat of the county in which the injury occurred, or at such other place as may be agreed upon by the parties." NDAC XX-XX-XX-XX. This hearing was held in Burleigh County. Neither the claimant nor the Bureau objected to that venue for the hearing. They cannot fairly cry "foul," or object to the same venue for the appeal. In fact, Basin timely appealed to Burleigh County District Court.
I believe my colleagues continue with too rigid an approach for "venue" of appeals from administrative agencies. I believe we should interpret the statutes to facilitate review of agency decisions, not to avoid or impede their review. I therefore respectfully dissent from the reversal and dismissal of this case.
NOTES
[1] The legislature amended N.D.C.C. § 65-01-01 effective August 1, 1995, and added the following language: "A civil action or civil claim arising under this title, which is subject to judicial review, must be reviewed solely on the merits of the action or claim. This title may not be construed liberally on behalf of any party to the action or claim." 1995 N.D. Sess. Laws Ch. 605 § 1. Because the amendment was not effective when Basin filed the appeal and the trial court denied the motion to dismiss, it does not apply in this case. But even if we applied the new law, construing N.D.C.C. § 65-10-01 to make it easier for employers to appeal than it is for claimants would constitute a liberal construction on behalf of the employer in violation of the statutory amendment.