2017 ND 101

**Fritz Thomas OPP, Appellant and Cross–Appellee**

v.

**DIRECTOR, NORTH DAKOTA DE- PARTMENT OF TRANSPORTA- TION, Appellee and Cross–Appellant**

Nos. 20160211 & 20160215

Supreme Court of North Dakota.

Filed 4/25/2017

DeWayne A. Johnston, 221 South Fourth Street, Grand Forks, N.D. 58201, for appellant and cross-appellee.

Michael T. Pitcher, Assistant Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501–4509, for appellee and cross-appellant.

McEvers, Justice.

[¶ 1] Fritz Opp appeals and the Department of Transportation cross-appeals from judgments affirming the Department's decisions revoking Opp's driving privileges for 180 days and reciprocally disqualifying him from operating a commercial motor vehicle for one year. We conclude the district court lacked jurisdiction to hear Opp's untimely appeals from the Department's decisions, and we reverse and remand for the district court to enter judgments dismissing Opp's appeals to the district court.

I

[¶ 2] According to a Grand Forks police officer, a vehicle driven by Opp was stopped for careless driving and speeding in the early morning hours of October 30, 2015. The officer testified he observed Opp had bloodshot, red, watery eyes and was slow in reacting to questioning. According to the officer, Opp admitted consuming about two alcoholic drinks over a three-hour period and failed a horizontal gaze nystagmus test. The officer testified he detected a slight odor of alcohol coming from Opp during field sobriety tests and "thick tongued slurred speech was becoming more and more prominent." Ac-

cording to the officer, Opp failed a backward number count test and consented to a preliminary breath test after being read an implied consent advisory. After failing to obtain a valid test result for the preliminary breath test, the officer arrested Opp for driving under the influence, read Opp the implied consent advisory, and asked him to submit to an Intoxilyzer breath test. The officer testified he treated Opp's response as a refusal to submit to the Intoxilyzer breath test.

[¶ 3] Opp requested an administrative hearing on the Department's intended revocation of his driving privileges under N.D.C.C. § 39–20–05 and a hearing on the reciprocal action against his commercial driver's license under N.D.C.C. § 39–06.2–10.6. At a November 24, 2015 administrative hearing on both issues, Opp filed a written brief as his closing argument and stated he did not object to the hearing officer issuing a later decision by mail. The hearing officer thereafter concluded the law enforcement officer had a reasonable and articulable basis to stop Opp's vehicle, the officer had reasonable grounds to arrest Opp for driving under the influence, and Opp refused to submit to a chemical test. The hearing officer ordered revocation of Opp's driving privileges for 180 days and on November 30, 2015, served Opp by mail with a written decision and notice of the decision to revoke his driving privileges. Opp served a notice of appeal from that decision on the Department on December 7, 2015, and filed a notice of appeal with the district court on January 12, 2016. Meanwhile, on December 17, 2015, the Department served Opp by mail with notice of a reciprocal decision disqualifying him from operating a commercial vehicle for one year under N.D.C.C. ch. 39–06.2. Opp served a notice of appeal from that decision on the Department on December 23, 2015, and filed a notice of appeal with the district court on January 12, 2016.

[¶ 4] The Department moved to dismiss Opp's appeals to the district court, claiming they were not timely and the court lacked subject matter jurisdiction to hear them. Opp moved for additional time to appeal under N.D.R.Civ.P. 6, which allows an extension of time for excusable neglect. Relying on Amoco Oil Co. v. Job Serv., 311 N.W.2d 558, 562 (N.D. 1981), the district court said it had authority to extend the time for Opp to file his notices of appeal because "court-adopted rules apply to appeals from an administrative agency to the district court." The court granted Opp's motion for additional time to appeal based on excusable neglect and the court denied the Department's motion to dismiss. The court thereafter affirmed the Department's decisions.

## II

[¶ 5] Under N.D.C.C. § 28–32–49, we review the Department's suspension or revocation of a driver's license in the same manner as provided in N.D.C.C. § 28–32–46. Jangula v. N.D. Dep't of Transp., 2016 ND 116, ¶ 5, 881 N.W.2d 639. Under N.D.C.C. § 28–32–46, we must affirm an agency's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶ 6] In reviewing an administrative agency's findings of fact, "we do not make independent findings of fact or substitute our judgment for that of the agency." Power Fuels, Inc. v. Elkin, 283 N.W.2d 214, 220 (N.D. 1979). "We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." Id. "'An agency's conclusions on questions of law are subject to full review.'" Garcia v. Levi, 2016 ND 174, ¶ 8, 883 N.W.2d 901 (quoting Schlittenhart v. N.D. Dep't of Transp., 2015 ND 179, ¶ 14, 865 N.W.2d 825). Statutory interpretation is a question of law subject to full review on appeal. Harter v. N.D. Dep't of Transp., 2005 ND 70, ¶ 7, 694 N.W.2d 677.

### III

[¶ 7] The Department argues the district court lacked subject matter jurisdiction to hear Opp's administrative appeals because he failed to file timely notices of appeal with the district court in both cases and the court should not have extended the times for appeal for excusable neglect. Opp argues he timely served the Department with notices of appeal and claims the time for filing an appeal with the district court is a non-jurisdictional requirement. He alternatively argues his failure to file timely notices of appeal with the district court did not prejudice the Department.

### A

[¶ 8] Under N.D. Const. art. VI, § 8, a district court has original jurisdiction of all causes and such appellate jurisdiction as may be provided by law or by rule of the supreme court. Appeals from administrative agency decisions to a district court involve the exercise of appellate jurisdiction conferred by statute. DuPaul v. N.D. Dep't of Transp., 2003 ND 201, ¶ 5, 672 N.W.2d 680; Benson v. Workforce Safety & Ins., 2003 ND 193, ¶ 5, 672 N.W.2d 640. For a district court to acquire subject matter jurisdiction over an appeal from an administrative agency decision, the appellant must satisfy the statutory requirements for perfecting an appeal. DuPaul, at ¶ 5; Benson, at ¶ 5. The timely filing of an appeal is mandatory to invoke a district court's appellate subject-matter jurisdiction. See Garaas v. Cass Cty. Joint Water Res. Dist., 2016 ND 148, ¶ 28, 883 N.W.2d 436; Zajac v. Traill Cty. Water Res. Dist., 2016 ND 134, ¶ 7, 881 N.W.2d 666.

[¶ 9] Section 39–20–06, N.D.C.C., authorizes appeals from Department license suspension or revocation proceedings and provides, in part:

Any person whose operator's license or privilege has been suspended, revoked, or denied by the decision of the hearing officer under section 39–20–05 may appeal within seven days after the date of the hearing under section 39–20–05 as shown by the date of the hearing officer's decision, section 28–32–42 notwithstanding, by serving on the director and filing a notice of appeal and specifications of error in the district court in the county where the events occurred for which the demand for a test was

made, or in the county in which the administrative hearing was held.

[¶ 10] The language of N.D.C.C. § 39–20–06 authorizes appeals to the district court from license suspension or revocation proceedings by requiring both serving on the director and filing a notice of appeal and specifications of error in the district court within seven days after the date of the hearing as shown by the date of the hearing officer's decision. See also N.D.C.C. § 39–06.2–10.7 (authorizing judicial review of Department decision on commercial driver's license in nearly identical language).

■ [¶ 11] Section 39–20–05(5), N.D.C.C., generally contemplates that a hearing officer will notify a person about a decision "[a]t the close of the hearing" and "immediately deliver to the person a copy of the decision." See also N.D.C.C. § 39–06.2–10.6(5) (similar language). Here, Opp sought to submit written closing argument on the implied consent issue to the hearing officer and stated he did not object to thereafter receiving a decision by mail. The language of N.D.C.C. § 39–20–06 does not preclude such a request and, when read as a whole, authorizes an appeal within seven days as shown by the date of the hearing officer's decision. We reject Opp's claim that it was impossible to comply with the statutory requirements because the time for appeal commenced on the date of the hearing. Rather, Opp's times for appeal began from the date as shown by the hearing officer's decision on the implied consent matter, which was November 30, 2015, and the date as shown by the hearing officer's decision on the commercial license matter, which was December 17, 2015.

[¶ 12] This Court has recognized the rules of civil procedure apply to administrative appeals to the extent the rules are not inconsistent with applicable statutes.

Sande v. State, 440 N.W.2d 264, 266 (N.D. 1989); City of Casselton v. N.D. Pub. Serv. Comm'n, 307 N.W.2d 849, 852 (N.D. 1981); Schroeder v. Burleigh Cty. Bd. of Comm'rs, 252 N.W.2d 893, 895 (N.D. 1977); Reliance Ins. Co. v. Pub. Serv. Comm'n, 250 N.W.2d 918, 920–21 (N.D. 1977); N.D.R.Civ.P. 81(b) (civil rules govern procedure and practice relating to appeals to district courts to the extent the rules are not in conflict with the statutes). Under the rules of civil procedure, we have recognized that "service" of a notice of appeal may be by mail and is complete upon mailing. Sande, at 266; City of Casselton, at 852; Reliance Ins. Co., at 920–21.

[¶ 13] In City of Casselton, 307 N.W.2d at 851, this Court concluded a district court in Burleigh County did not have jurisdiction for an appeal from an agency decision rendered after a hearing in Cass County. This Court also considered a claim that the appeal was not timely because the appellants did not serve and file their notice of appeal and specifications of error within the required time frame after notice of the agency's decision as required by N.D.C.C. § 28–32–15, now codified at N.D.C.C. § 28–32–42:

Unlike service of notice by mail which is complete upon mailing under Rule 5(b), N.D.R.Civ.P., filing is complete only when the notice is filed with the clerk of court which of necessity requires that the office of the clerk of court must have received the notice. In the instant case, the PSC last served a copy of its order upon the appellants' counsel on August 27, 1980. By adding three days to the thirty-day period for commencing appeal because the PSC's order was served by mail, the thirty-three-day period expired on September 29, 1980, the very day when the appellants mailed their notice of appeal and specifications of error. In addition, the

clerk of court's office did not receive and file the notice of appeal until October 6, 1980, because of insufficient postage.

While service in the instant case may be proper, the filing of the notice of appeal and specifications of error was not proper and this circumstance would ordinarily result in a dismissal of the appeal. Because of our conclusion that the district court did not have subject matter jurisdiction, we find it unnecessary to rule upon Burlington Northern's contention that the appeal was untimely.

City of Casselton, at 852.

[¶ 14] Here, the Department mailed the decision under N.D.C.C. § 39–20–05 to Opp on November 30, 2015, and Opp served a notice of appeal on the Department on December 7, 2015, but did not file his notice of appeal with the district court until January 12, 2016. The Department mailed its decision on Opp's commercial driving privileges to him on December 17, 2015, and he served the Department with his notice of appeal on December 23, 2015, but did not file his notice of appeal with the district court until January 12, 2016. Opp served the Department with a notice of appeal within seven days after each decision. See N.D.C.C. § 1–02–15 (statutory provision for computing time); N.D.R.Civ.P. 6(a) (computing time under rules of procedure). However, Opp did not file his notice of appeal with the district court for either decision within seven days. We conclude Opp failed to file his notices of appeal with the court within seven days for either decision, and his appeals were untimely.

## B

[¶ 15] The district court nevertheless concluded it had authority to extend the time for appeal under Amoco Oil, 311 N.W.2d at 562, and N.D.R.Civ.P. 6(b), which allows an extension of time for excusable neglect.

[¶ 16] In Amoco Oil, 311 N.W.2d at 561–62, this Court said court-adopted rules may apply to appeals from an administrative agency to a district court, but refused to apply court rules to intra-agency proceedings. Amoco Oil did not involve the application of a court rule to extend the time for appeal from an agency decision to the district court and does not control the issue about the time for appeal from the Department's decisions to the district court.

[¶ 17] In Basin Elec. Power Coop. v. N.D. Workers Comp. Bur., 541 N.W.2d 685, 686 (N.D. 1996), an employer appealed to the district court from an agency decision awarding an employee workers compensation benefits. The Workers Compensation Bureau and the employee moved to dismiss the employer's appeal, claiming the employer had taken the appeal in the wrong county under N.D.C.C. §§ 28–32–15 and 65–10–01. 541 N.W.2d at 686. The employer moved to change venue to the appropriate county and to enlarge the time for service and filing a notice of appeal in the appropriate county under N.D.R.Civ.P. 6(b). 541 N.W.2d at 686–87. The district court denied the motion to dismiss and allowed the employer to file a notice of appeal after the initial 30 day deadline for service of and filing a notice of appeal had expired. Id. at 687.

[¶ 18] On appeal, this Court concluded the district court did not have jurisdiction to hear the employer's appeal. Basin Elec., 541 N.W.2d at 687. We rejected the employer's argument the district court properly enlarged the time to file the notice of appeal under N.D.R.Civ.P. 6(b), and concluded the district court did not have subject matter jurisdiction to hear the appeal:

Courts construing the federal rule, upon which our rule is based, and similar

state procedural rules, have held Rule 6(b) is limited to matters that arise under the rules of civil procedure or by order of the court, and not to periods of time which are definitely fixed by statute. See, e.g., United States v. Easement and Right–of–Way, 386 F.2d 769 (6th Cir. 1967), cert. denied sub nom. Skaggs v. United States, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968); Mathieson v. Hubler, 92 N.M. 381, 588 P.2d 1056 (Ct.App. 1978); 4A Wright & Miller, Federal Practice and Procedure Civil 2d 1165 (1987). Rule 6(b) did not authorize the district court to enlarge the 30–day time limit to take an appeal under N.D.C.C. § 28–32–15(1).

Basin Elec., 541 N.W.2d at 690.

[¶ 19] In Benson v. Workforce Safety & Ins., 2003 ND 193, ¶¶ 8–10, 672 N.W.2d 640, an appellant argued a district court could have granted an extension of time to file a notice of appeal from a Workforce Safety decision to the district court under the excusable neglect language of N.D.R.App.P. 4(a)(4). We said:

> The Rules of Appellate Procedure, however, govern procedure in the Supreme Court, and the rules on filing the notice of appeal specifically apply only to appeals from the district court to the Supreme Court. See N.D.R.App.P. 1(a) and 3(a)(1). Rule 4(a)(4) cannot be used to enlarge the statutorily mandated period for perfecting an appeal from the decision of an administrative agency to the district court.
>
> We rejected a similar argument in Basin Elec. Power Co-op. v. North Dakota Workers Comp. Bureau, 541 N.W.2d 685 (N.D. 1996). The appellant sought to enlarge the statutory time for filing its notice of appeal from an administrative decision under N.D.R.Civ.P. 6(b), which authorizes the court to enlarge the time within which an act is to

be done. We concluded the rule was limited to matters arising under the rules of procedure, and could not be used to enlarge periods of time which are definitely fixed by statute. Basin, at 690. Accordingly, we held that the rule could not enlarge the thirty-day period for service of the notice of appeal under the predecessor statute to N.D.C.C. § 28–32–42, and the district court was without jurisdiction. Basin, at 690.

Benson, at ¶¶ 8–9.

[¶ 20] Under Benson and Basin Elec., the district court did not have authority to extend the time for Opp to file a notice of appeal with the district court under N.D.C.C. §§ 39–20–06 and 39–06.2–10.7. We conclude the district court erred in granting Opp an extension of time under N.D.R.Civ.P. 6(b) to file his notices of appeal and erred in not dismissing Opp's appeals.

IV

[¶ 21] We conclude the district court erred in determining it had jurisdiction to hear and determine Opp's appeals. We reverse the judgments and remand for the district court to enter judgments dismissing Opp's appeals to the district court.

[¶ 22] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.