# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 172

Benjamin James French,                                              Appellee

v.

Director, North Dakota
Department of Transportation,                                       Appellant

No. 20180410

Appeal from the District Court of Traill County, East Central Judicial District, the Honorable Steven L. Marquart, Judge.

REVERSED AND REINSTATED.

Opinion of the Court by McEvers, Justice.

Charles J. Sheeley, Fargo, ND, for appellee.

Douglas B. Anderson, Assistant Attorney General, Bismarck, ND, for appellant.

**McEvers, Justice.**

[¶1]　The Department of Transportation appeals from a district court judgment reversing a Department hearing officer's decision, imposing a 91-day suspension of Benjamin French's driving privileges, and awarding him attorney fees. We conclude the court erred in holding French's driving record did not establish his operator's license had been previously revoked once within seven years preceding the date of his June 2018 arrest and the court erred in concluding the appropriate suspension period for his current offense is 91 days. We further conclude the court erred in awarding attorney fees. We reverse the judgment and reinstate the Department's decision suspending his driving privileges for 365 days.

I

[¶2]　In June 2018, a Highway Patrol officer stopped and subsequently arrested French for driving under the influence. The results of an Intoxilyzer test showed French had a blood alcohol concentration in excess of the legal limit. French requested an administrative hearing on the Department's proposed suspension of his driving privileges.

[¶3]　In July 2018, a Department hearing officer held a hearing regarding whether to suspend French's driving privileges. The hearing officer subsequently issued a decision suspending his driving privileges for 365 days, concluding the greater weight of the evidence in the administrative record established French's license had been previously revoked for one year for refusing a chemical test in July 2011. The hearing officer specifically found his driver's license was previously revoked on August 11, 2011, after a Department administrative hearing, for a period of one year for refusing a chemical test on July 24, 2011. In its decision, the hearing officer

1

addressed French's assertion that his driving record did not establish a prior suspension to enhance his suspension from 91days to 365 days:

> Petitioner's Counsel asserted that the license suspension must be limited to 91 days because the statute, NDCC 39-20-04.1(1)(c), requires that evidence of the prior refusal show that the revocation was imposed "under this chapter" before it can be used to enhance the suspension from 91 days to 365 days. Counsel points out that Mr. French's driving record does not list a DUI conviction for 2011 that would show the county or state of occurrence for the refusal. No NDDOT witness appeared for the administrative hearing. Nevertheless, French's driving record shows that a Report & Notice was filed with NDDOT on July 27, 2011 according to the following entry: "ADM 5 7/24/11 REFUSAL 072711". In addition, Mr. French's driving record shows that he requested and received a NDDOT administrative hearing, and thereafter, his license was revoked for one year for refusing a chemical test. See Exhibit 1, p. 5/5 ("HEAR 5 07/24/11 SUSPENDED—HEARING HELD REFUSED CHEMICAL TEST PER 001 Y"). Hearing officers rely on the certified DRIVERS LICENSE DIVISION CENTRAL RECORD to obtain the information necessary to prepare the standard Exhibit 2, entitled NOTICE OF ADMINISTRATIVE HEARING BEFORE THE NDDOT DIRECTOR, upon receipt of each hearing requested under Chapter 39-20. The hearing officer is familiar with the DLD format of Mr. French's driving record and can reasonably infer from the administrative record that the 2011 1-year revocation of his driver's license for refusing a chemical test was conducted under North Dakota Century Code Chapter 39-20. Exhibit 1, p. 5/5 ("REVO 5 08/18/11 REFUSED CHEMICAL TEST 001Y L 08/18/11 L R 08/18/12 0001"). . . . The certified, official NDDOT driving record calls for Mr. French's license to be suspended for 365 days. Exhibit 1, p. 5/5 ("HEAR 5 06/10/18 AWAITING HEARING OUTCOME BAC OVER LEGAL LIMITS PER 365 D").

The hearing officer held that an entry in the certified, official driving record is presumed to be correct until rebutted and that French did not appear for the administrative hearing to testify or offer any evidence to suggest his 2011 revocation for refusal was an out-of-state proceeding. The hearing officer concluded the appropriate period for his driver's license to be suspended was 365 days. French appealed the decision to the district court.

[¶4] The district court reversed the hearing officer's decision and imposed a 91-day suspension of his driving privileges for a first offense. The court held there was

2

insufficient evidence in the record for the hearing officer to conclude French had a prior suspension to support a 365-day suspension. The court essentially held that it was not possible to determine whether the July 2011 suspension for refusal was a suspension under N.D.C.C. ch. 39-20 from the notation contained in the copy of French's driving record. The court further held that the hearing officer erred in relying on his own experience in interpreting the driving record. The court also awarded attorney fees to French.

## II

[¶5] Under N.D.C.C. § 28-32-49, this Court reviews the Department's decision suspending or revoking a driver's license in the same manner as the district court under N.D.C.C. § 28-32-46. *Opp v. Dir., N.D. Dep't of Transp.*, 2017 ND 101, ¶ 5, 892 N.W.2d 891. We must affirm the Department's decision unless:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. In reviewing a Department hearing officer's findings of fact, "[this Court] do[es] not make independent findings of fact or substitute [its] judgment for that of the agency." *Opp*, at ¶ 6 (quoting *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979)). This Court decides "only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved

by the weight of the evidence from the entire record." *Id.* "An agency's conclusions on questions of law are subject to full review." *Id.* (quoting *Garcia v. Levi*, 2016 ND 174, ¶ 8, 883 N.W.2d 901). Statutory interpretation is a question of law, fully reviewable on appeal. *Opp*, at ¶ 6.

III

[¶6]   The Department argues the district court erred when it held that French's driving record did not establish that, within seven years preceding the date of his June 2018 arrest, his operator's license had once previously been revoked and erred when the court ordered the appropriate period of suspension for his current offense is 91 days, rather than 365 days.

[¶7]   Under N.D.C.C. § 39-06-22, the Department director has "a statutory obligation to regularly keep driving records." *Isaak v. Sprynczynatyk*, 2002 ND 64, ¶ 9, 642 N.W.2d 860. Section 39-06-22, N.D.C.C., provides:

> The director shall file all accident reports and abstracts of court records of convictions received by the director under the laws of this state and maintain convenient records *or make suitable notations* in order that each record of each licensee showing the convictions of the licensee and the traffic accidents in which the licensee has been involved is *readily ascertainable and available for the consideration of the director*.

(Emphasis added.) Generally, "[w]ords in a statute are given their plain, ordinary, commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise." *Filkowski v. Dir., N.D. Dep't of Transp.*, 2015 ND 104, ¶ 24, 862 N.W.2d 785 (citation omitted); *see also* N.D.C.C. § 1-02-02.

[¶8]   The Department contends that N.D.C.C. § 39-06-22 only requires its regularly kept driving records, and specifically its notations, to be "readily ascertainable" to the director and his designees. The Department contends that in preparing driving records under this section as an official act, a disputable presumption applies that the director has performed his official duty regularly. *See* N.D.C.C. § 31-11-03(15) (providing

4

a "disputable presumption," which "may be contradicted by other evidence," "[t]hat official duty has been performed regularly").

[¶9]   In this case, the notice of administrative hearing indicates the proposed suspension of French's license was for a period of 365 days.  This enhanced sanction was based on N.D.C.C. § 39-20-04.1(1)(c), which requires the Department director to suspend the person's driving privileges:

> For three hundred sixty-five days if the person's driving record shows that, within the seven years preceding the date of the arrest, the person has *once previously violated section 39-08-01 or equivalent ordinance or the person's operator's license has once previously been suspended or revoked under this chapter* with the last violation or suspension for an alcohol concentration under eighteen one-hundredths of one percent by weight.

(Emphasis added.)   The notice of information provided to French before the administrative hearing with a copy of his driving record also included a notice of the enhanced sanction.

[¶10] The Department asserts the driving record from which the applicable suspension period is determined, including its notations, "is a regularly kept record, and establishes prima facie its contents."  *Isaak*, 2002 ND 64, ¶ 9, 642 N.W.2d 860. The Department contends French has the burden to rebut the prima facie evidence contained in the driving record.  The Department further argues the hearing officer properly relied on his experience in construing the notation in the driving record to require a 365-day suspension and the hearing officer's interpretation is entitled to deference.

[¶11] The Department notes that French did not testify or offer evidence at the hearing to challenge the basis of the 2011 revocation for refusal as inappropriate for enhancing the sanction.  The Department therefore asserts the hearing officer correctly decided the greater weight of the evidence in the record establishes his license was previously revoked for one year for refusing a chemical test in a Department administrative proceeding "under this chapter," for purposes of the enhanced sanction under N.D.C.C. § 39-20-04.1(1)(c).

5

[¶12] French responds that the Department's records contain insufficient information to impose a 365-day suspension under N.D.C.C. § 39-20-04.1. He contends his driving record does not establish a prior suspension or revocation under N.D.C.C. ch 39-20, and, therefore, his driving record does not support an enhanced suspension. He argues his driving record's notations regarding his prior refusal and 2011 suspension are vague and "ambiguous" and there was no corresponding criminal conviction for driving under the influence noted on the driving record. He contends the hearing officer improperly drew on his own "expertise" in reviewing the driving abstracts and in providing evidentiary support for the suspension. French asserts this case is similar to *Ertelt v. N.D. Dep't of Transp.*, 491 N.W.2d 736, 740 (N.D. 1992), in which a hearing officer erred and by relying on personal knowledge of matters not in the record.

[¶13] The dispositive issue is whether the notation on French's driving record kept by the Department was adequate for the hearing officer to find he had once previously been suspended or revoked under N.D.C.C. ch. 39-20, justifying the enhanced suspension for his present violation.

[¶14] In the context of "independent" administrative law judges, this Court has explained that, while deference is given to an ALJ's factual findings under the "reasoning mind" standard, similar deference is not given to the ALJ's legal conclusions because, "unlike an agency, [the ALJ] does not necessarily have specialized knowledge or expertise warranting deference to its legal interpretations and conclusions." *Workforce Safety & Ins. v. Auck*, 2010 ND 126, ¶ 9, 785 N.W.2d 186; *see also N.D. Sec. Comm'r v. Juran & Moody, Inc.*, 2000 ND 136, ¶¶ 22-24, 613 N.W.2d 503. While the office of administrative hearings (OAH) is not a specialized agency and an independent ALJ assigned by the OAH is not interpreting the OAH's own rules, *see Auck*, at ¶ 9, the same cannot be said about the Department's hearing officer.

6

[¶15] Here, we conclude the Department's driver's license record and its notations constitute prima facie evidence that French's driver's license had previously been suspended under N.D.C.C. ch. 39-20. We agree with the Department's assertion on appeal that the Department may properly construe its notations in the driving record kept by the Department, as long as the notation is "readily ascertainable" to the director and his designees. We conclude that as a regularly kept Department record, the driver's license's notation was "readily ascertainable" to the hearing officer and permitted the hearing officer to infer from the information French's license had been previously suspended in August 2011 after a Department hearing. *See Nelson v. Dir., N.D. Dep't of Transp.*, 1997 ND 81, ¶ 11, 562 N.W.2d 562 ("A hearing officer is not precluded from drawing inferences from the evidence presented, based on common sense and experiences.").

[¶16] At the administrative hearing, French did not provide any evidence to rebut the content of the driving record as construed by the hearing officer. As a rebuttable presumption under N.D.C.C. § 31-11-03(15), had French intended to contest the Department's interpretation of the record, he could have testified at the administrative hearing or otherwise challenged the Department's record indicating his license had been previously suspended. *Cf. Andre v. N.D. State Hwy. Comm'r*, 295 N.W.2d 128, 130-31 (N.D. 1980) (holding a record containing a "stamped notation" indicating a prior speeding violation was "adequate" to inform the Department of a traffic violation for determining the driver's total point accumulation, and any clerical error could have been raised in the administrative hearing but was not).

[¶17] We conclude the district court erred in disregarding the hearing officer's findings and conclusions regarding the notations on French's driving record to decide the appropriate length of suspension.

IV

[¶18] The Department argues the district court erred in granting French's request for an award of attorney fees and costs under N.D.C.C. § 28-32-50(1).

7

[¶19] Generally, N.D.C.C. § 28-32-50(1) requires a court to award reasonable attorney fees and costs to a "prevailing" claimant when an administrative agency has acted without "substantial justification." *See Drayton v. Workforce Safety & Ins.*, 2008 ND 178, ¶ 38, 756 N.W.2d 320. Because we conclude the hearing officer did not err in its decision, we conclude the Department had substantial justification for purposes of N.D.C.C. § 28-32-50. We therefore conclude the district court abused its discretion in awarding attorney fees.

V

[¶20] The judgment is reversed, and the Department's decision to suspend French's driving privileges for 365 days is reinstated.

[¶21] Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Jon J. Jensen

Gerald W. VandeWalle, C.J.

8