IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2024 ND 213

RMM Properties, L.L.L.P.,                                    Appellant

  v.

City of Minot,                                               Appellee

No. 20240130

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Ryan G. Quarne (argued), Nici Meyer (on brief), and Wanda L. Fischer (on brief), Minot, ND, for appellant.

Bryan L. Van Grinsven, Minot, ND, for appellee.

**Bahr, Justice.**

[¶1]   RMM Properties, L.L.L.P. appeals from a district court order that affirmed the City of Minot's decision approving Aksal Group, LLC's application to vacate the Kyle's Addition plat and to approve the preliminary plat of the Citizens Alley Addition. We conclude N.D.C.C. § 40-50.1-16 governed Aksal Group's application; Minot's decision is not arbitrary, capricious, or unreasonable; and Minot's decision is supported by substantial evidence. We affirm the court's order affirming Minot's decision.

I

[¶2]   In July 2023, Aksal Group filed an application with the Minot City Planning Department requesting the vacation of the Kyle's Addition plat and the approval of a preliminary plat to establish the Citizens Alley Addition, a new three-lot subdivision. The Ward County recorder recorded the Kyle's Addition plat on August 31, 1995. The Kyle's Addition plat contained a single block, Block 1, with no numbered lots. It also designated a 24-foot "public access easement" located on the westerly edge of Block 1, which was "donated and dedicated to the public for public use."

[¶3]   RMM Properties objected to Aksal Group's application. RMM Properties owns property that is located adjacent to, but entirely outside of, the Kyle's Addition plat and is also outside of the Citizens Alley Addition preliminary plat. In its objection, RMM Properties asserted Aksal Group failed to obtain its consent as required under N.D.C.C. § 40-39-05 when vacating a "public alley" dedicated to the public use and, if the "alley" were vacated, one-half of the alley would revert to RMM Properties, as the adjacent property owner.

[¶4]   The Minot Planning Commission subsequently approved its staff recommendation that Aksal Group's application be approved under N.D.C.C. § 40-50.1-16. In September 2023, accepting the Planning Commission's recommendation, the Minot City Council approved a resolution vacating the

Kyle's Addition, including the public access easement, and approving the preliminary plat of the Citizens Alley Addition.

[¶5] RMM Properties appealed Minot's decision to the district court. After briefing, the court issued an order affirming Minot's decision.

II

[¶6] RMM Properties argues the district court erred in affirming Minot's approval of Aksal Group's application. Our review is very limited in an appeal from a local governing body's decision:

> This Court's function is to independently determine the propriety of the local governing body's decision, without any special deference to the district court's decision. The decision of a local governing body must be affirmed unless the local body acted arbitrarily, capriciously or unreasonably, or if there is not substantial evidence supporting the decision. Such a standard of review ensures that the court does not substitute its judgment for that of the local governing body which initially made the decision. A decision is not arbitrary, capricious or unreasonable if it is the product of a rational mental process by which the facts and law relied upon are considered together for the purpose of achieving a reasoned and reasonable interpretation. In an appeal from a nonjudicial decision, . . . the record is adequate to support the findings and conclusions of the city if it allows us to discern the rationale for the decision.

*Hector v. City of Fargo*, 2009 ND 14, ¶ 9, 760 N.W.2d 108 (citations omitted). "[A] governing body's failure to correctly interpret and apply controlling law constitutes arbitrary, capricious, and unreasonable conduct." *City of Fargo v. Ness*, 551 N.W.2d 790, 792 (N.D. 1996).

III

[¶7] RMM Properties argues the district court erred in affirming Minot's approval of Aksal Group's application to vacate the Kyle's Addition plat under N.D.C.C. § 40-50.1-16. RMM Properties argues Minot should have considered the application under N.D.C.C. § 40-39-05 because the "public access easement" was a public alley dedicated to public access.

A

[¶8]  Statutory interpretation is a question of law, fully reviewable on appeal. *Fahey v. Cook*, 2024 ND 138, ¶ 22, 9 N.W.3d 668. "Our primary objective in interpreting a statute is to determine the legislation's intent, as expressed in the statutory language." *Id.* When the relevant language is clear and unambiguous, "the letter of [a statute] is not to be disregarded under the pretext of pursuing its spirit." N.D.C.C. § 1-02-05.

[¶9]  "Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in [the century] code are to be understood as thus explained." N.D.C.C. § 1-02-02. "We construe statutes as a whole, harmonize them to give meaning to related provisions, and interpret them to give effect to all of their provisions." *Fahey*, 2024 ND 138, ¶ 22 (citing N.D.C.C. §§ 1-02-07 and 1-02-38(2)). In other words, "we interpret statutes in context and in relation to others on the same subject to give meaning to each without rendering one or the other useless." *BASF Corp. v. Symington*, 512 N.W.2d 692, 696 (N.D. 1994). Whenever possible, we harmonize statutes to avoid conflicts between them. *Id.*

[¶10] Generally, "[c]ities are creatures of statute and possess only those powers and authorities granted by statute or necessarily implied from an express statutory grant." *Ebach v. Ralston*, 469 N.W.2d 801, 804 (N.D. 1991). "In defining municipal powers, the rule of strict construction applies." *Id.* After the municipality's powers are determined, "the rule of strict construction no longer applies, and the manner and means of exercising those powers where not prescribed by the Legislature are left to the discretion of the municipal authorities." *GO Comm. ex rel. Hale v. City of Minot*, 2005 ND 136, ¶ 8, 701 N.W.2d 865 (cleaned up) (quoting *Haugland v. City of Bismarck*, 429 N.W.2d 449, 453-54 (N.D. 1988)). "Leaving the manner and means of exercising municipal powers to the discretion of municipal authorities implies a range of reasonableness within which a municipality's exercise of discretion will not be interfered with or upset by the judiciary." *Id.* (quoting *Haugland*, at 454).

[¶11] Section 40-39-05, N.D.C.C., governs petitions for the vacation of streets, alleys, or public grounds:

> No *public grounds, streets, alleys, or parts thereof* within a municipality shall be vacated or discontinued by the governing body except on a petition *signed by all of the owners of the property adjoining the plat to be vacated*. Such petition shall set forth the facts and reasons for such vacation, shall be accompanied by *a plat of such public grounds, streets, or alleys proposed to be vacated*, and shall be verified by the oath of at least one petitioner.

(Emphasis added.)

[¶12] Section 40-50.1-16, N.D.C.C., provides for the vacation of an entire plat:

> 1.   Before the sale of lots, a plat, any part of a plat, a subdivision of land, or a townsite may be vacated by the proprietors by a written instrument declaring the plat to be vacated. The instrument must be signed, acknowledged or approved, and recorded in the office in which is recorded the instrument to be vacated. The signing and recording of that instrument destroys the force and effect of the recording of the plat which is so vacated and *divests all public rights in the streets, alleys, easements, and public grounds laid out as described in the plat.*
>
> 2.   If lots have been sold, a plat or any part of a plat may be vacated by all owners of the lots in the plat joining in the signing of the instrument declaring the vacation. *Vacation of streets and public rights is not effective without endorsement by the governing body that has the power to approve the plat.* The endorsement must indicate the public rights to be vacated.

 (Emphasis added.)

[¶13] The plain language of N.D.C.C. § 40-39-05 and N.D.C.C. § 40-50.1-16 provides different procedures to accomplish different tasks. Section 40-39-05, on its face, applies when a petition seeks only to vacate "public grounds, streets, alleys, or parts thereof" and provides the petition must be "signed by all of the owners of the property *adjoining the plat to be vacated*." (Emphasis added.) This section requires the petition "be accompanied by *a plat of such public grounds,*

4

*streets, or alleys proposed* to be vacated." *Id.* (emphasis added). The word "plat," as used N.D.C.C. § 40-39-05, therefore means only that part of the public ground, street, or alley which is proposed to be vacated. *Cf. State Bank of Burleigh Cnty. Tr. Co. v. City of Bismarck*, 316 N.W.2d 85, 91 (N.D. 1982) (concluding N.D.C.C. § 40-39-05 "requires signatures on a petition *to vacate a part of an alley* only of those owners of property which adjoins that part of the alley which is sought to be vacated, and *not those owners who may own property literally adjoining the 'plat to be vacated'*" (emphasis added)).

[¶14] Section 40-50.1-16, N.D.C.C., is broader in scope than N.D.C.C. § 40-39-05. Section 40-50.1-16(1) provides for the vacation of a "plat, any part of a plat, a subdivision of land, or a townsite," and includes "divest[ing] all public rights in the streets, alleys, easements, and public grounds laid out as described in the plat." Under section 40-50.1-16(2), to vacate a plat or part of a plat where lots have been sold, "all owners of the lots *in the plat*" must join in the vacation. (Emphasis added.) This subsection further provides "the governing body" having "the power to approve the plat" must endorse the "[v]acation of streets and public rights" for the vacation to be effective. *Id.* Thus, section 40-50.1-16 applies when owners seek to vacate a plat or part of a plat containing "public rights in the streets, alleys, easements, and public grounds."

[¶15] In a 1997 opinion, the attorney general opined a city could vacate a plat, and any streets and public rights created by the plat, under N.D.C.C. § 40-50.1-16, without also following the procedures for vacating streets, alleys, or public grounds under N.D.C.C. § 40-39-05. The attorney general concluded, "N.D.C.C. ch. 40-39 and 40-50.1 are intended to accomplish different tasks, and each provide their own method to protect public rights in streets, alleys, and public grounds." N.D. Op. Att'y Gen. 97-L-132, at 3 (Aug. 8, 1997). The attorney general explained the public's interest is nonetheless protected:

> The procedure for vacation of streets and public rights set out in N.D.C.C. § 40-50.1-16(2) protect interested landowners' rights and require specific approval from the appropriate governing body. All of the owners of lots in the plat must join the petition and the specific public rights to be vacated must be stated and endorsed by the governing body. The approval required from the governing body

protects the general public who do not own lots in the plat but who may have an interest in use of streets or other public rights such as parks. The procedures for vacating streets, alleys, and public grounds in N.D.C.C. ch. 40-39 provide different safeguards, such as requiring notice, a public hearing and a super-majority vote of the governing body before vacation. However, that chapter only requires the signatures of lot owners adjacent to the part to be vacated, not of the owners of all lots in the platted subdivision or addition, each of whom may have an interest in protecting the entire plat.

*Id.* While not binding on this Court, attorney general opinions interpreting statutes are entitled to respect, and we follow them when we find them persuasive. *Kuntz v. State*, 2019 ND 46, ¶ 29, 923 N.W.2d 513. We find this opinion persuasive.

[¶16] It is undisputed Aksal Group's application sought the vacation of the plat of Kyle's Addition. We conclude, as a matter of law, Minot properly interpreted and applied the procedures of N.D.C.C. § 40-50.1-16 to Aksal Group's application to vacate the entire plat of Kyle's Addition, including the "public access easement" contained therein.

B

[¶17] RMM Properties contends the "public access easement" was, in fact, an "alley" and claims it has a purported fee interest in the alley. RMM Properties' argument ignores the Kyle's Addition plat's description denoting a 24-foot "public access easement" and its dedication donating and dedicating "the access easement as shown to public for public use." The dedication does not state the easement is an alley or grant a fee interest; rather, the dedication only provides for an "access easement."

[¶18] We conclude the district court did not err in concluding the Kyle's Addition plat dedicated an "access easement," not fee title. To the extent RMM Properties' argument presents a factual issue, the record adequately supports Minot's findings and conclusions the plat dedicated a public access easement that can be vacated. *Hector*, 2009 ND 14, ¶ 9 ("The decision of a local governing

body must be affirmed unless the local body acted arbitrarily, capriciously or unreasonably, or if there is not substantial evidence supporting the decision.").

[¶19] We conclude N.D.C.C. § 40-50.1-16 governs Aksal Group's application; Minot's decision is not arbitrary, capricious, or unreasonable; and its decision is supported by substantial evidence. We therefore affirm the district court's order that affirmed Minot's decision approving Aksal Group's application to vacate the Kyle's Addition plat and to approve the preliminary plat of the Citizens Alley Addition.

IV

[¶20] We have considered RMM Properties' remaining issues and arguments and determine they are either unnecessary to our decision or are without merit. We affirm the district court's order.

[¶21] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr