# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 74

State of North Dakota by and
through Workforce Safety and Insurance,　　　　　　　　Appellant

v.

Russell C. Jones,　　　　　　　　Appellee

and

Top Shelf Energy, LLC,　　　　　　　　Respondent

## No. 20240283

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Jacqueline S. Anderson, Special Assistant Attorney General, Fargo, ND, for appellant.

Dean J. Haas, Bismarck, ND, for appellee.

**Crothers, Justice.**

[¶1]   Workforce Safety and Insurance appeals from a judgment of dismissal entered for lack of jurisdiction by the district court in Burleigh County. North Dakota Century Code tit. 65 does not designate a place to file this administrative appeal. When no other law designates a place to appeal, the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, authorizes appeals to the district court located where a part of the administrative hearing was held. It is undisputed that part of this administrative hearing was held in Bismarck. We reverse the judgment and remand the case for further proceedings.

I

[¶2]   WSI issued a notice it was ending benefits Jones had been receiving due to an injury he sustained while working in Mountrail County. The matter proceeded to a telephonic hearing before an administrative law judge. The ALJ was in Minnesota; Jones was at his residence in Wisconsin; Jones's attorney was in Bismarck; and WSI's attorney was in Fargo. The ALJ left the record open for a physician to provide deposition testimony, and she did so from Bismarck. The ALJ reversed WSI's decision. WSI filed a notice of appeal with the district court in Burleigh County. Jones moved to dismiss the appeal arguing the district court in Burleigh County lacked jurisdiction because he does not reside there and his injury did not occur there. The court granted Jones's motion and entered a dismissal judgment. WSI appeals.

II

[¶3]   WSI argues the district court in Burleigh County had jurisdiction under default rules set out by N.D.C.C. ch. 28-32. Jones asserts the default rules do not apply because WSI meets the definition of a "party" under N.D.C.C. tit. 65, and thus WSI must follow the Title 65 appeal provisions. Under those provisions, Jones claims the court in Mountrail County is the proper place for this administrative appeal because that is where his injury occurred.

1

A

[¶4]   The district courts of this state have "such appellate jurisdiction as may be provided by law or by rule of the supreme court." N.D. Const. art. VI, § 8. Appeals of administrative decisions to the district court "'are statutory in nature and are not matters of original jurisdiction for the district courts but rather involve exercise of appellate jurisdiction of the district courts conferred by statute.'" *Decker v. Workforce Safety & Ins.*, 2021 ND 117, ¶ 15, 962 N.W.2d 388 (quoting *Transystems Servs. v. N.D. Workers Comp. Bureau*, 550 N.W.2d 66, 67 (N.D. 1996)). The statutory requirements for appealing an administrative decision to the district court are jurisdictional. *Benson v. Workforce Safety & Ins.*, 2003 ND 193, ¶ 5, 672 N.W.2d 640. The district court lacks jurisdiction if the statutory requirements are not satisfied. *Id.* "If a party appeals to a district court other than the one specified by statute the court will be without subject matter jurisdiction." *Decker*, ¶ 15. We review jurisdictional issues de novo when the facts are not disputed. *Lavallie v. Jay*, 2020 ND 147, ¶ 5, 945 N.W.2d 288.

[¶5]   Statutory interpretation presents a question of law that is fully reviewable on appeal. *RMM Props., L.L.L.P. v. City of Minot*, 2024 ND 213, ¶ 8, 14 N.W.3d 31. "'Our primary objective in interpreting a statute is to determine the legislation's intent, as expressed in the statutory language.'" *Id.* (quoting *Fahey v. Cook*, 2024 ND 138, ¶ 22, 9 N.W.3d 668). "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears." *Estate of Brandt*, 2019 ND 87, ¶ 13, 924 N.W.2d 762 (quoting *Estate of Hogen*, 2015 ND 125, ¶ 12, 863 N.W.2d 876). "Statutes relating to the same subject matter shall be construed together and should be harmonized, if possible, to give meaningful effect to each, without rendering one or the other useless." *Westman v. N.D. Workers Comp. Bureau*, 459 N.W.2d 540, 541 (N.D. 1990) (construing appeal provisions in N.D.C.C. tit. 65 and N.D.C.C. ch. 28-32 together).

[¶6]   The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, provides general rules governing administrative proceedings. Under N.D.C.C. § 28-32-42, any party to an administrative proceeding may appeal an administrative order

to the district court. Section 28-32-42(3)(a) specifies where such appeals may be taken:

> "The appeal of an order may be taken to the district court designated by law, and if none is designated, then to the district court of the county in which the hearing or a part thereof was held. If the administrative proceeding was disposed of informally, or for some other reason no hearing was held, an appeal may be taken to the district court of Burleigh County."

B

[¶7] Jones argues N.D.C.C. §. 65-10-01 designates the place for this appeal because WSI is a "party" to this administrative hearing, and under N.D.C.C. § 65-01-16(9), parties are required to appeal "in accordance with chapter 65-10." However, whether WSI is a "party" for purposes of Title 65 is not dispositive because, even if WSI is a "party," Chapter 65-10 does not specify where a "party" must appeal. It states:

> "If the final action of the organization denies the right of the claimant to participate at all in the fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claim, or if the organization allows the claimant to participate in the fund to a lesser degree than that claimed by the claimant, if such allowance is less than the maximum allowance provided by this title, *the claimant may appeal* to the district court of the county wherein the injury was inflicted or of the county in which the claimant resides. *An employer may also* appeal a decision of the organization in any injury case or an organization decision issued under chapter 65-04, in the manner prescribed in this section. An appeal involving injuries allegedly covered by insurance provided under contracts with extraterritorial coverage shall be triable in the district court of Burleigh County. Any appeal under this section shall be taken in the manner provided in chapter 28-32. Any appeal to the district court shall be heard on the record, transmitted from the organization, and, in the discretion of the court, additional evidence may be presented pertaining to the questions of law involved in the appeal."

N.D.C.C. § 65-10-01 (emphasis added). Chapter 65-10 designates where "claimants" may appeal, where "an employer" may appeal, and where appeals involving extraterritorial coverage must be taken. WSI is not a claimant or an employer, and this appeal does not involve extraterritorial coverage.

[¶8]   The district court nonetheless decided Title 65 designates the place for WSI to appeal on the basis of legislative history and context. In 2008, an initiated measure passed requiring WSI to hire independent administrative law judges to preside over appeals from its decisions. *See* 2009 Sess. Laws ch. 637, § 1. After the initiated measure passed, the legislature added a sentence to N.D.C.C. § 65-01-16(9) stating: "Chapter 65-10 does not preclude the organization from appealing to district court a final order issued by a hearing officer under this title." *See* 2009 N.D. Sess. Laws ch. 611, § 4. Based on the legislative history describing the context of this added sentence, the district court decided the legislature "intended to recognize within the statue WSI's newly established status as a 'party' with a right to appeal in accordance with N.D.C.C. ch. 65-10," and the legislature "intended to include agency appeals into [this] already established appellate framework for claimants and employers."

[¶9]   We are not convinced the 2009 amendment demonstrates an intent for WSI to be bound by the Chapter 65-10 appeal provisions. We note the district court did not decide there was ambiguity justifying reliance on legislative history. *See* N.D.C.C. § 1-02-39 (providing that aids of construction may be used when a statute is ambiguous); *see also Powell v. Statoil Oil & Gas LP*, 2023 ND 235, ¶ 11, 999 N.W.2d 203 (stating reliance on legislative history is not appropriate absent ambiguity). Even if reliance on legislative history was justified, it provides no guidance on the specific question of where WSI may take an appeal. The amendment's language states, "Chapter 65-10 does not preclude the organization from appealing to district court[.]" The amendment cuts against Jones's position by indicating WSI may appeal notwithstanding the Chapter 65-10 provisions.

[¶10] Title 65, N.D.C.C., is silent as to where WSI may appeal an administrative decision. As we have explained, N.D.C.C. ch. 65-10 grants a right to appeal "under the specific circumstances it addresses" but does not "limit the broader

4

appeal rights" in the Administrative Agencies Practices Act. *Westman*, 459 N.W.2d at 541. Absent another law designating a place for this appeal, we look to the N.D.C.C. ch. 28-32 default provisions. Under N.D.C.C. § 28-32-42(3)(a), when no jurisdiction is designated by another law, appeals from administrative orders may be taken (1) "to the district court of the county in which the hearing or a part thereof was held," or (2) if there was no formal hearing, "an appeal may be taken to the district court of Burleigh County." *See also Boyko v. N.D. Workmen's Comp. Bureau*, 409 N.W.2d 638, 640 (N.D. 1987) (referring to an earlier version of this law as the "catch-all provision" and explaining it becomes "operational" when no other law designates a place for appeal).

[¶11] There is no dispute in this case about whether the ALJ held a formal hearing. WSI argues part of that hearing was in Burleigh County. Jones does not contest WSI's assertion. Given this undisputed fact, and because no other statute designates a jurisdiction for this appeal, N.D.C.C. ch. 28-32 authorizes the district court in Burleigh County to exercise jurisdiction over WSI's administrative appeal. The district court erred when it dismissed the case for lack of jurisdiction.

III

[¶12] The judgment is reversed and the case is remanded for further proceedings.

[¶13] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

5